Cope v. Sibley.

Ordered accordingly.(a)

[MONROE GENERAL TERM, September 2, 1850. *Welles, Selden* and *Johnson,* Justices.]

(a) This decision was affirmed in the court of appeals at the March term of that court, A. D. 1852, on appeal.

——— • ◊ • ———

## COPE vs. SIBLEY.

Where depositions taken under a commission are offered to be read, on the trial of a cause, and the other party objects to them, on the ground that the *interrogatories* are *leading*, the question whether the interrogatories, and the answers thereto, are admissible, is one addressed to the discretion of the court; and the same rule is to be applied to the case, which prevails where a witness is on the stand in court, undergoing a personal examination at the trial. JOHNSON, J. dissented.

The decision of the court in *Williams* v. *Eldridge*, (1 *Hill's Rep.* 249,) upon this question, disapproved of.

Such questions are, of necessity, left very much to the discretion of the judge at the trial; and unless it appears that he has abused the discretion, so that injustice has been done, his decision will not be disturbed. *Per* WELLES, J.

Where interrogatories were settled by stipulation of the attorneys, indorsed upon them, as follows: " It is hereby stipulated by and between the attorneys of the respective parties in this cause, that the within interrogatories and cross-interrogatories are agreed upon, and that this stipulation have the same effect as the allowance of a judge, reserving all legal rights;" *Held,* that on the trial of the cause neither party could object to the reading of depositions on the ground that the interrogatories were leading.

ERROR to the late court of common pleas of Monroe county. The action in the court below was tried at the October term

thereof, in the year 1844. Upon the trial, the counsel for the plaintiff below offered in evidence certain depositions of one William R. Patten, a witness residing in the state of Michigan, by virtue of a commission duly issued for that purpose, on interrogatories duly settled by stipulation between the attorneys. The counsel for the defendant below objected to the reading of the answers to the 7th, 8th and 10th interrogatories, which objections were overruled by the court below, and a bill of exceptions tendered. The interrogatories with the answers of the witness thereto, and the objections by the counsel for the defendant in the court below, appear in the opinion of the court, which follows.

*J. D. Husbands*, for the plaintiff in error.

*H. Gay*, for the defendant in error.

WELLES, P. J. When depositions taken under a commission are offered to be read on the trial of a cause, every objection to the competency or credibility of the witness, or to the competency or relevancy of any question put to him, or of any answer given by him, may be made in the same manner and with the like effect, as if such witness were personally examined at such trial. (2 *R. S.* 396, § 23.) In this case, the seventh, eighth and tenth interrogatories, with the answers of the witness to them, were as follows: " Seventh interrogatory—Do you know of the said David Cope owning, or keeping, or permitting to be kept on said premises, a certain horse diseased with the glanders, or horse distemper, during said winter or spring, or any part thereof?" " To the seventh direct interrogatory, he says, that said mare so kept in said barn, was diseased. That she had either the glanders, or horse distemper very bad, nearly all the winter; and that she came very near dying; that he kept her in said barn alone; his other horses were kept at the horse barn, near the dwelling house, on said farm." "Eighth interrogatory—If yea, do you know that the said horse, so diseased, was kept in said barn adjoining to and eating from said hay?"

Cope *v.* Sibley.

" To the eighth direct interrogatory, he says, that he has frequently, during said winter, seen said mare loose in said barn, and in a situation to go to and eat out of said hay, belonging to the said Joseph Sibley. That he was not in the habit of going to said barn every day ; that he was there, however, frequently in the course of the winter, to give medicine to said mare, by the direction of said Cope, and sometimes for other purposes."
" Tenth interrogatory—Do you know of said David Cope's oxen, or other cattle or animals, eating or destroying said potatoes or any part thereof? If yea, state fully." " To the tenth direct interrogatory, he says, that he has not now any recollection of any such transaction."

The counsel for the defendant below objected to these answers, because the questions were leading ; and because the 7th interrogatory assumed that it had been proved by the witness that the horse kept or permitted to be kept at the hay in question, had a disease called the glanders ; whereas no such fact had been proved by him. The court overruled the objection, and the defendant's counsel excepted.

If it were not for preserving and upholding the valuable maxim *stare decisis*, I should have no hesitation in holding that the question whether the interrogatories and answers objected to were admissible, was one addressed to the discretion of the court, before whom the cause was tried, and of applying to the case the same rule that prevails where the witness is on the stand in court, and undergoing a personal examination at the trial. By the very language of the section recited a party has the right to object, &c. " in the same manner and with the *like effect* as if such witness were personally examined at such trial." Now suppose the witness in this case had been personally examined at the trial, and these very questions had been put to him, and the court had allowed them to be answered although objected to ; no one, I apprehend, would contend, even admitting the questions to be clearly leading, that such decision would be good cause of a motion for a new trial, or of reversing the judgment. Such questions are, of necessity, left very much to the discretion of the judge at the trial, and unless it appears

tnat he nas abused the discretion, so that injustice has been done, his decision will not be disturbed. It is frequently proper for counsel to object to leading questions. It is always their right to do so, although the objection may be purely captious, for I do not know but counsel have the right to be as captious as they please; but it does not follow that it is the duty of the court always to entertain the objection, although the question may be a leading one. The effect then of such objection, where the witness is personally examined at the trial, is to refer the question to the court before which the trial is being had, and the further effect is that the decision upon it is final unless in case of abuse of discretion producing injustice, as before remarked. The statute declares the effect to be the same in case the witness is examined on interrogatories as if examined personally at the trial. The case, however, of *Williams* v. *Eldridge*, (1 *Hill*, 249,) holds a different rule. Justice Cowen in that case places his opinion in this particular upon the language of the section above referred to. He says, "Among other objections, it expressly allows those which respect the *competency of any question* put to him," (the witness.) He afterwards proceeds to say, "I admit that error would hardly lie for allowing a leading question to be put on a personal examination, though it were to a party's own witness; for the court have a discretion, on discovering that the witness for a party is unwilling, to permit leading questions. We might intend, perhaps, that a proper case for such a course of examination existed, unless the court below should declare the contrary, in the bill of exceptions. But here, there is no chance for such intendment."

If the learned justice is to be understood as advancing the proposition that the only case where a party may put a leading question to his own witness is where the witness is unwilling, I must beg leave respectfully to dissent from him. And unless that be his meaning, the only reason for his distinction between the case of a personal examination at the trial, and an examination on interrogatories under a commission, entirely fails. There are many occasions where the court may in its discretion allow questions to witnesses more or less leading where there is no

---

Cope *v.* Sibley.

---

reluctance on their part to testify. And trials are frequently, very much expedited by a careful exercise of that discretion. It often happens that a great many facts and circumstances have to be proved, about which there is really no dispute; that is, they do not involve the principal points in controversy; and with some witnesses, if the counsel are to be held strictly to the rule in relation to leading questions, much time would be wasted, while no injury would arise to any one, by allowing fair and intelligent counsel under the direction of the court to lead the mind of the witness at once to the facts he desires to prove by him.

And even if this were not so, I am not able to see how the argument in support of the decision I have referred to can overturn what I think I have shown to be the plain meaning of the statute.

Stress is laid upon the expression "competency of any question," used in the statute, as decisive of the point under consideration. The argument seems to be that because the question is incompetent, therefore it may be objected to at the trial, and because it may be objected to, therefore it is incompetent. This is reasoning in a circle and proves nothing. The matter of the question may be entirely competent, and yet the form of the question may be objectionable. One object of the statute in requiring the interrogatories to be referred to a judge, was to settle their form. But that is not all. He should also pass upon the competency of any question objected to. If either party is dissatisfied with his decision, an appeal would undoubtedly lie to the court. This must be so, I think; otherwise great injustice might arise, by the judge overruling and excluding a competent and proper question, upon an alledged defect of form or otherwise.

But without overruling in terms, the doctrine in this particular of the case of *Williams* v. *Eldridge,* which if necessary I should be prepared to do, I think the affirmance of the judgment in this case may be placed on another ground. The interrogatories were settled by stipulation of the attorneys, indorsed upon them in the following form: " It is hereby stipulated by

and between the attorneys of the respective parties in this cause, that the within interrogatories and cross-interrogatories are agreed upon, and that this stipulation have the same effect as the allowance of a judge, reserving all legal rights." The party now objecting to the interrogatories had thus solemnly agreed to them. It is urged, however, that the right to raise these objections is reserved. If that be so, the first half of the stipulation must be rejected as repugnant to the residue, or as surplusage. But that need not be done. A reasonable interpretation, I think, will give efficacy to each part of the stipulation. By supplying the words "in other respects," after the words "the same effect," I think we shall arrive at what the parties in good faith intended. This will not be making an agreement for the parties, but will be carrying out the agreement which I think must be intended they themselves made. The rule is that a writing must be so construed as to give effect to all its parts, if it can be done. *Ut res magis, valeat quam pereat.* By the construction I have given to this stipulation, all the parts are made to harmonize, and effect is given to each. And it is moreover vindicated from the imputation of being an instrument by which the defendant in error would otherwise be surprised, not to say entrapped.

I think the judgment below should be affirmed.

SELDEN, J. was in favor of affirming the judgment, on the ground that the interrogatories objected to, and the answers of the witnesses thereto, were properly received, independently of the stipulation between the attorneys. He was of opinion that where the objection to the interrogatories related to their form, as in this case, the question was one addressed to the discretion of the court at the trial. And that the case of *Williams* v. *Eldridge,* (1 *Hill,* 249,) so far as related to this particular question, should be overruled.

JOHNSON, J. dissented.

Judgment affirmed.

[MONROE GENERAL TERM, September 2, 1850. *Welles, Selden* and *Johnson,* Justices.]