## HALL *vs.* BARTON.

Where the plaintiff, in a suit before a justice of the peace, gave notice of an application for a commission to take the testimony of a witness, to be directed to C., but on settling the interrogatories, the parties agreed to substitute K. as commissioner, in the place of C.; and the justice inserted the name of K. in the commission, and the commission was in fact executed and returned by K., but the justice inadvertently omitted to strike out the name of C. from the caption to the interrogatories, where it had been inserted, pursuant to the notice; *Held* that this was an error which did not vitiate the commission, or the return thereof.

*It seems* that the provisions of the revised statutes, requiring a copy of sec. 16 of 2 *R. S.* 394, to be annexed to every commission, is not applicable to commissions issued by justices of the peace.

The provision is merely directory, and not absolutely essential. The main question is, has the commission been properly executed ?

If the body of the commission contains an explicit direction in respect to the return of such commission, this is sufficient, although there be no direction indorsed on the back of it.

Where an exhibit, proved before the commissioner, was a bill of sale executed by J. M. and his wife, and the commissioner certified that the same "was produced and shown to the said J. M., a witness sworn and examined, and by him deposed unto at the time of his examination as a witness under such commission;" *Held* that the certificate was sufficient.

Where the return of the commissioner was written on the deposition, and the deposition and the commission, &c., were all annexed together, in such a manner that the return could not be separated from the commission and evidence; *Held* that this was a substantial compliance with the statute; although there was no return indorsed on the commission.

Although there be nothing on the envelop, or elsewhere, showing that the commission was deposited as required by the statute, or that it was returned by mail, it will be presumed that the commission was so deposited and returned.

So, if it does not appear how the papers came to the justice's office, the presumption is that they came to him by due course of mail, and were opened by him; it being his duty to open them.

When interrogatories are objected to, on the trial, as leading, it is in the discretion of the justice to admit or reject the answers.

THIS action was commenced, and tried, before a justice of the peace of Essex county. The complaint was for the taking and converting of a cow, by the defendant. The answer was a denial, and property in the defendant. On the trial, the plaintiff offered in evidence a commission issued to James

Hall v. Barton.

Keese, to take the testimony of one James Meighan, residing in the city of New York. Annexed to the commission were the interrogatories and cross-interrogatories as settled by the justice. The caption of the interrogatories stated that the witness was to be examined before Charles Cheny, Esq. commissioner, &c. The justice, in his return, stated that the notice of application for a commission contained the name of Cheny as commissioner, but that the parties, on settling the interrogatories, agreed upon Keese, whose name was inserted in the commission, and that he (the justice) had accidentally omitted to erase the name of Cheny from the caption, in the interrogatories, and to substitute the name of Keese. The testimony was in fact taken before Keese, who returned the same, with the commission, interrogatories, exhibits and cross-interrogatories, all attached and annexed together, to the justice, by mail, as he was directed in the body of the commission to do. The interrogatories and cross-interrogatories were settled by the justice; both parties appearing before him, by their counsel, at the time of settlement, and no objections having been made by either party, to the form of the interrogatories. No copy of the 16th section of 2 *R. S.* 394, 395, was annexed to the commission. There was no direction on the commission, as to its return, but in the body of it the commissioner was directed to return the same by mail, to the justice, at Port Henry. There were other alleged defects, and several objections were taken to the form and return of the commission, and as to the manner of its return, which are noticed in the opinion of the court. The defendant's objections to the reading of the depositions in evidence were severally overruled; and on that and other evidence the plaintiff had judgment. The county court of Essex county affirmed the judgment, and the defendant appealed to this court.

*A. B. Waldo*, for the plaintiff.

*P. Butler*, for the defendant.

*By the Court,* C. L. ALLEN, P. J. The first objection to the commission, and to the reading of the depositions in evidence, was, that the caption of the interrogatories states that they were to be administered to the witness by Charles Cheny. The justice, in his amended return, sets forth how this mistake occurred. The parties, by their attorneys, upon the settling of the interrogatories, agreed to substitute Mr. Keese as commissioner, in the place of Mr. Cheny, who had been proposed by the plaintiff, in his notice. The justice inserted the name of Keese in the commission, but inadvertently omitted to strike out the name of Cheny from the caption of the interrogatories, where it had been inserted pursuant to the notice. The commission, however, was actually sent to, and executed by, Mr. Keese, who administered the oath and interrogatories to the witness, and reduced his deposition to writing, as required by the statute. Here was no error, therefore, in fact. The mere mistake of the name of Cheny, in the caption, which might be stricken out as unnecessary, and as being no part of the interrogatories, did not vitiate the commission, or its return, and the justice properly overruled the objection.

2. The second objection urged is, that no copy of section 16 of 2 *R. S.* 394, was annexed to the commission. It may be doubted whether the sections of the revised statutes authorizing commissions in justices' courts, require it. (2 *R. S.* 268, *4th ed.* 454.) It is true, section 166 declares that the commission shall be *executed and returned* as is prescribed by statute when a commission issues out of a court of record; but there is no provision directing a copy of the sections above referred to, to be annexed. But whether this be so or not, is immaterial to a decision of this point. In the case of *Williams* v. *Eldridge,* (1 *Hill,* 249, 252,) the court remark that "the provision as to annexing a copy of the section of the statute was with a view to a correct execution of the commission. If the *execution* be in fact correct, it is enough." The section is merely directory, and not absolutely essential. The main question is, has the commission been properly executed?

3. The next objection is, that there was no proper direction

Hall *v.* Barton.

on the commission in regard to its return. The commission, in the body of it, after directing the commissioner to cause the deposition which he should take, to be signed by the witness and himself, contained the following clause: "And then return the same, addressed here to me, addressed to Port Henry, N. Y., by *mail*, indorsed, under seal." Here was an explicit direction, and although it was not indorsed on the commission, was contained in the body of it. · In the case cited by the counsel, (3 *Hill*, 497,) the justice gave no direction whatever, as to the return of the commission, and the court held the omission fatal. But here there was an express direction, and though not on the back, it was in the body of the commission; and was as full a compliance with section 15 of the statute as in the case in 2 *Hill*, 502, where the direction to return was on the back of the interrogatories annexed to the commission.

4. Again; it is objected that the exhibit was not properly certified. The exhibit purported to be a bill of sale in writing, by the witness Meighan and his wife Mary, of the cow in question to the plaintiff, for $15, and was signed "James and Mary Meighan." · The exhibit was signed "James $\underset{\text{mark}}{\overset{\text{his}}{\times}}$ Meighan." The commissioner certified, upon it, that on the day of the execution of the commission the exhibit "was produced and shown to the said James Meighan, a witness sworn and examined, and by him deposed unto at the time of his examination as a witness under such commission." This, I think, was a sufficient certificate. (2 *Cowen's Treat.* 3d *ed.* 332.) The exhibit was also otherwise proved. The defendant admitted that it was filed in the town clerk's office of Moriah, on the 19th of Oct. 1854.

5. Another objection is that the commissioner did not indorse his return on the commission, nor was it indorsed thereon. The return is a substantial compliance with the statute. It was written on the deposition, and it and the commission, &c. were all annexed together in such a manner that the return could not be separated from the commission and evidence. On one side of the leaf was the deposition and on the other side the return. The commissioner first signed the certificate to

the exhibit. He again subscribed his name at the end of the deposition to the direct interrogatories. After the answers to the cross-interrogatories were taken and signed, he again subscribed his name, and at the end of the deposition, certified in the usual form, under his hand and seal, that the deposition was duly taken before him; and all this in such a manner that the return could not be separated from the evidence. In the case of *Fleming* v. *Hollenback*, (7 *Barb*. 271,) the return was on a paper entirely separate from the commission and depositions, so that a fraud might easily have been practiced. Here every precaution was taken to guard against such an imposition. It was "fairly within the sense and meaning of the statute." (*Hurd* v. *Pendrigh*, 2 *Hill*, 502.)

6. Still another objection is, that there was nothing on the envelop, or elsewhere, showing that the commission was deposited as required by the statute, or that it was returned by mail. The answer to this objection is contained in 1 *Hill*, 252, already cited. "He must be presumed to have done it, himself, it appearing they were sealed." And the same answer may be given, in respect to the objection that it did not appear how the papers came to the justice's office. The presumption is that they came to him by due course of mail, and were opened by him, as it was his duty, officially, to open them.

7. The last objection I deem proper to notice is, that the third and fourth interrogatories were leading. I can perceive nothing leading in the 3d, and as to the 4th, it had already been preceded by an interrogatory, the answer to which called for the bill of sale, in which the consideration was expressed; and it asked if the consideration was truly expressed in the bill of sale. This may be considered somewhat leading, but the interrogatories and cross-interrogatories had been settled by the justice in the presence of the parties, in the manner required by the statute. The decisions to the effect that interrogatories may be objected to on the trial, all arose in courts of record; and it may well be doubted whether the parties in justices' courts should be held to so strict a practice, in settling and putting interrogatories, as in courts of record. In

these courts they are often their own attorneys, and the justice is required to settle the direct and cross-interrogatories, as he did in this case. But it was a matter of discretion with the justice, when the objection was taken to the interrogatories as leading, to admit or reject the answer, (*Cope* v. *Sibley*, 12 *Barb.* 521;) and the justice in this case, in the exercise of his discretion, admitted the answer. No substantial injury could have arisen from this decision. The testimony as to the consideration, was sufficient without the answer. (5 *Barb.* 283, 5.)

The objection that the verdict was against evidence, cannot be sustained. There was some conflicting testimony, but the facts were with the jury, and their finding is conclusive.

The judgment must be affirmed, with costs.

[SARATOGA GENERAL TERM, July 14, 1857. *C. L. Allen, James* and *Rosekrans,* Justices.]