HIRAM BLISS *versus* NELSON SHUMAN & al.

A party to a suit, being, by the express provisions of the statute, a witness, the provisions of c. 107 of R. S., 1857, relating to depositions, are as applicable to him as to any other witness.

It is no good cause for exceptions, that the presiding Judge refused to exclude an answer in a deposition, because it was made to a question which was leading, put upon the cross-examination. Its admission, if given to such question on direct examination, would be within the discretion of the Judge presiding at the trial.

EXCEPTIONS from the ruling of APPLETON, J.

This was an action of TRESPASS, for maliciously and cruelly beating and killing the plaintiff's horse.

The defendants offered the deposition of *Lincoln Benner,* one of the defendants, who lives and was at Waldoboro', in said county of Lincoln, at the time of the trial. There were two other defendants in the action. The plaintiff objected to the deposition, but the objection was overruled and the deposition admitted. The deponent stated fully the facts as they were alleged in the defence. One of the other defendants was not present at the trial, nor was his deposition taken.

The plaintiff had read the deposition of *John Eugley.* Also that of *Edward H. Mink:* the 4th interrogatory, by the defendants, on the *cross-examination,* was, "what do his (Eugley's) neighbors say of him for truth and veracity? Is his character for truth and veracity good or bad?" [The magistrate, taking the deposition, entered under it, "Question objected to."]

*Ans.*—"They say it is bad. I heard other people say he would lie."

Exceptions were also taken, by plaintiff, to rulings admitting other testimony elicited on cross-examination, in the sev-

eral depositions introduced by him to prove his case; but the exceptions as to those were not relied on by the counsel who argued in support of the exceptions.

*Gould & Oakes*, for plaintiff.

The deposition of the defendant *Benner*, should have been excluded.

The statute admitting parties as witnesses is in opposition to the policy of the common law, and is of course to be strictly construed. Section 79 of the 82d c. of the R. S., provides, that "parties shall not be witnesses in suits, where the cause of action implies an offence against the criminal law on the part of the defendant, unless the defendant offers himself as a witness, and, in that case, the plaintiff may be a witness." In such a case, can one of several defendants come into Court and be permitted to go upon the stand, and testify to facts to exculpate his co-defendants as well as himself, without bringing them into Court with him, in order that they, as well as he, may be submitted to a cross-examination? The design of the statute was to put the parties on an equal footing. If one of the defendants is put upon the stand, to prove the innocence of the others, the plaintiff has the disadvantage of the testimony of a party against him, without the advantage of cross-examining all those parties, with whom is peculiarly the knowledge of the facts of the case. If Lincoln Benner had confined his testimony to his own participation in the transaction, the objection would not be so serious, but he testified to all the facts as they were alleged in the defence, of the others, as much as himself; and, by such testimony, procured *their* acquittal, without subjecting them to be exposed to the penalty of perjury, and without giving the plaintiff the advantage of the facts within their knowledge.

"No person shall be excluded from being a *witness*" is the provision of the statute.

The term *witness*, as applied to the person in possession of facts, means "one *personally present*, who knows a thing." Webster's Unabridged Dictionary.

The same author says, that "deponent" means "one who deposes or gives a deposition under oath; one who gives written testimony, to be used as evidence in a court of justice. With us in New England, this word is never used, I believe, for a witness who gives oral testimony in Court." That "deposition" means "the attested written testimony of a witness." The Legislature are, by the well recognized rule, understood to use language according to its common acceptation among the mass of citizens.

If deponent is never used in New England for a witness, who gives oral testimony in Court, or, if in common acceptation, there is this distinction between the two words, the term "witness" in the statute cannot be construed "deponent," without doing violence, both to the rule for the interpretation of the language of statutes, and to the rule that statutes in derogation of the common law are to be strictly construed.

The deposition of John Eugley was introduced by the plaintiff. If believed, he made a case. The defendants sought to impeach him; and were permitted to ask, and have the answer, the fourth cross-interrogatory to Edward H. Mink.

"2. What do his neighbors say of him for truth and veracity? Is his character for truth and veracity good or bad?" "A. They, (that is, his neighbors,) say it is bad. I have heard other people say he would lie," &c. This is not the question. It is one of general character. A man may have a very limited number of neighbors. The two persons, who live on either side of him, perhaps may, strictly speaking, be all "his neighbors," and both have a bad opinion of him. That would not constitute a bad general character.

Our Court, in *Phillips* v. *Kingfield*, 19 Maine, 375, after a good deal of discussion, as to the proper questions to be asked, lay down a rule on page 381, which they say they will be governed by. The inquiry to be put to the impeaching witness is, *first*, "whether he knows the general character of the witness? And, if the answer be in the affirmative,—2d, What is his general reputation for truth?" And the Court further say, "every thing else is much better suited to mislead, than

instruct the jury; and, after this decision has been regularly published, will, in " our practice, be excluded." The practice has ever since conformed.

The deponent was not only permitted to say, what the neighbors said of him, but that " he had heard other people say that he would lie."

Greenleaf, in his first volume on Evidence, section 461, of the 2d edition, says, " the inquiry must be, as to his general reputation. It is not enough that the impeaching witness professes merely to state what he has heard ' others' say; for those ' others' may be few. He must be able to state what is generally said of the person."

*Hubbard & Kennedy,* for the defendants.

The opinion of the Court was drawn up by

APPLETON, J.— In courts of common law, witnesses are orally examined or cross-examined before a jury; or their depositions taken upon oral or written interrogatories, in pursuance of statutory regulations upon the subject, are received as evidence. When motions are addressed to the Court, the testimony of witnesses, offered in the form of *ex parte* affidavits, is heard and acted upon.

In England, the Chancellor never hears oral testimony, but his judicial action is entirely based upon the depositions of witnesses, reduced to writing in an examiner's office. In this country, unless by the express provisions of some statute, the evidence of witnesses is received in chancery in the form of depositions. Orally delivered testimony is unknown in English Equity Courts, or in Courts of Equity in this country in which the English type of procedure has been adopted.

A witness is " one who, being sworn or affirmed according to law, *deposes* as to his knowledge of facts in issue between the parties in the cause." 1 Bouvier's Law Dic., 658. Johnson defines the word as· " one who gives testimony;" Richardson, as " one who *witeth* or knows, one who tells what he knows, sees, or has seen, who gives evidence or testimony."

"*Deponent, witness,*— one who gives information on oath or affirmation respecting some fact known to him, before a magistrate; he who makes a deposition." 1 Bouv., 406. Richardson, in his Dictionary, defines *depose* or, as the Scotch say, *depone,* "to give evidence, bear witness or testimony." He defines *deponent,* "one who gives evidence, bears witness or testimony;" so called, says Skinner, "because the *witness deponeis, (deponit,)* places his hand *upon* the book of the Holy Evangelists, while he is bound by the obligation of an oath." It is thus seen that the word *depone,* from which is derived *deponent,* has relation to the mode in which the oath is administered, and not as to whether the testimony is delivered orally or reduced to writing. So the word depose is used in the forms of indictment for perjury, in the allegations of the commission of that offence, as that he (the person accused) "falsely, wickedly, knowingly, wilfully and corruptly did say, *depose,* swear and give evidence to said court and jury," &c.

The modes in which testimony is extracted may vary—as by affidavit, upon oral or written interrogatories, or on the stand, but in each case the person testifying is a witness, and subject to the punishment incident to false testimony. All writers on the law of evidence, without exception, treat of affiants, or deponents, as witnesses, in discussing the admissibility of testimony.

The word witness is a most general term, including all persons, from whose lips testimony is extracted to be used in any judicial proceeding. It embraces deponents, as the term is used with us, and affiants equally with persons delivering oral testimony before a jury. The affiant, or deponent, is always a witness, but a witness is not necessarily an affiant or deponent.

It is enacted by R. S., 1857, c. 82, § 78, that "no *person* shall be excused or excluded from being a *witness* in *any* civil suit or proceeding, *at law or in equity,* by reason of his interest in the event of the same, as a party or otherwise, *except* as is hereinafter provided; but such interest may be shown for the purpose of affecting his credibility."

The language of this section is most general. The term witness, in specific terms, is made applicable to a party, and he is to testify in all cases " *except as is hereinafter provided.*" Those cases are found enumerated in subsequent sections and do not affect the present inquiry.

The party being, by the express provisions of the statute, a witness, the provisions of R. S., 1857, c. 107, relating to depositions, are as applicable to him as to any other witness. The term witness is as equally predicable of him as of any other witness.

By that chapter provision is made for the taking of depositions. The statute regards the deponent as a witness, and the term deponent or witness is indiscriminately applied to all persons giving their testimony. A witness may be compelled to attend and give his deposition, by § 11. Objections to the competency of the witness, or to the answers, may be made when the deposition is produced, as if the witness testified on the trial, by § 18. The deponent is none the less a witness because his testimony has been reduced to writing. The statute regulating the taking of depositions is applicable to all who are witnesses, whether their number be increased or diminished by legislation. When interest ceased to be a ground for disqualification, the depositions of those interested fell within the provisions of this chapter. The deposition of the defendant was properly received.

It was determined in *Parsons* v. *Huff*, 38 Maine, 137, that it was a matter of discretion on the part of the presiding Justice, whether leading questions should be proposed or not. It was held in *Cope* v. *Sibley*, 12 Barb., 521, that the same discretion exists on the part of the Court to receive or reject the answers to leading questions in a deposition as in an oral examination at the trial. In the present case, if the interrogatory to Mink, to which exceptions were taken, had been direct, it would hardly justify setting aside a verdict for such cause. But, as the inquiry was made upon cross-examination, it is difficult to perceive any well grounded objection to it.

Indeed, it would seem to be substantially within the very mode pointed out as proper, in *Phillips* v. *Kingfield*, 19 Maine, 375.                                    *Exceptions overruled.*

TENNEY, C. J., and RICE, CUTTING, MAY, and GOODENOW, JJ., concurred.