PENDELL *v.* COON.

The return of a commissioner to take testimony need not be indorsed upon the commission itself, nor be upon a paper containing the depositions annexed or any part thereof; but where it is necessary by reason of the paper containing the depositions being filled thereby, to annex an independent sheet, the return may be on the sheet so annexed.

APPEAL from the Supreme Court. Upon the trial at the Herkimer Circuit before Mr. Justice PRATT, the defendant offered in evidence the deposition of one Wilson taken under a commission. The plaintiff objected to its reception on the ground that the return or certificate of the commissioner was on a separate piece of paper attached to the commission, ·and not on the commission itself. The Case states that " on examination of the papers it appeared that the deposition was taken on separate sheets of paper; that the last sheet was so nearly filled as not to leave room for the return of the commissioner, and it appeared upon another sheet, attached to the sheets containing the deposition, and the whole attached to the commission." The judge excluded the evidence and the defendant excepted. The plaintiff had a verdict and judgment, which, upon appeal, was affirmed at general term in the fifth district, and the defendant appealed to this court. The cause was submitted on printed briefs.

*J. G. Cramer*, for the appellant.

*John H. Wooster*, for the respondent.

GROVER, J.  The exception to the rejection of the deposition of Wilson presents a question of frequent occurrence upon the trial of causes, upon which the decisions of the Supreme Court have not been uniform. The statute (2 *R. S.*, 399, § 24), provides, that the commissioners shall subscribe their names to each sheet of the depositions taken by them; they shall annex all the depositions and exhibits to the commission, upon which their return shall be indorsed. It is insisted that the true construction of the above clause requires the return to be indorsed upon the commission itself, and that unless so indorsed the deposition is inadmissible. In the case of *Fleming* v. *Hollenback* (7 *Barb.*, 273), the Supreme Court so held in substance. Had this question been directly involved in that case, and the rule been acquiesced in from that time, I should be strongly inclined to follow it, although doubting its correctness

as an original question.   An examination of that case shows that the return of the commissioner was written upon a separate piece of paper, and with the depositions was attached to the commission, the same as in this case.   The deposition was objected to on this ground, but was received.   The answers to certain interrogatories were excluded upon the ground that the interrogatories were leading.   The court decided that the answers were properly excluded for the reason stated, and further held that the whole deposition might rightly have been excluded because the commissioner had not indorsed his return upon the commission.   *Hall* v. *Burton* (25 *Barb.*, 274), decides that the deposition is admissible when the return is indorsed upon the same sheet upon which a portion of the deposition is contained.   The judge in his opinion in the latter case attempts to distinguish it from the former by the circumstance that in the latter case the return was upon one of the sheets containing a part of the deposition.   It is intimated that it would be more dfficult to practice a fraud in the latter than in the former case. The case of *McCary* v. *Edwards* (27 *Barb.*, 240), determines that the deposition is admissible when the return of the commissioner is indorsed upon the interrogatories attached to the commission.   This case was decided upon the authority of *Hurd* v. *Pendrigh* (2 *Hill*, 502), which held that the interrogatories when attached to the commission formed a part thereof. I am unable to see how any greater facility is afforded for any fraudulent practice when the return is upon a separate paper attached to the deposition than exists where the return is upon the commission itself or upon one of the sheets of the deposition; all the opportunities for fraud exist equally, whichever mode may be adopted.   The cases where it has been held that the statute regulating the issuing, execution and return of commissions must be literally complied with, arose upon those provisions of the statute intended specially to guard against fraud and to secure equal advantage to the parties in ascertaining the contents of the depositions and facility in using the evidence. *Jackson* v. *Parker* (20 *John.*, 357), is a case of this description arising under the statute then existing, differing in some particu-

Pendell *v.* Coon.

lars from the present. In that case it was held that the deposi-
tion must actually be filed in the clerk's office before it was
admissible. One of the reasons assigned by the court for a strict
adherence to the statute in that particular was that the party
against whom the commission was sued out might be able to learn
the contents of the deposition before it was introduced in evi-
dence against him. The object in requiring a return to be made
by the commissioners is, to furnish proof to the court that the
commission has been properly and fairly executed by the pro-
per person, and that the deposition offered is what it purports
to be. These ends are all equally attained when the commis-
sion, deposition and return are all attached together, whether
the return is indorsed upon the commission, interrogatories, one
of the sheets of the depositions or, as in this case, upon a separate
piece of paper. The statute requires commissioners to attach
all the depositions and exhibits to the commission upon which
they shall indorse their return. This refers to the entire papers
thus required to be attached, and not to the particular paper
designated as the commission. It may, I think, be indorsed
upon any one of the papers in the package, or upon a separate
paper and attached to the other papers. To hold that the return
may be made upon a sheet containing a few words of the de-
position, but that if made upon a separate sheet and attached,
the deposition must be excluded, is, I think, hypercritical.
There was no ground of objection to the deposition stated, ex-
cept that the return was not upon the commission itself, but
upon a separate paper attached, with the depositions, to the
commission. I think the objection untenable. The deposition
is not contained in the case. It must therefore be presumed to
be material for the defendant, and that he was prejudiced by
its exclusion upon this ground.

The judgment should be reversed, and a new trial ordered.

All the judges concurred, GRAY, J., and some others protest-
ing against any inference that the return may be wholly upon
a paper separable from the others attached to the commission,

except where, from their being filled, there is a necessity for annexing an additional sheet.

> Judgment reversed, and new trial ordered.