COOK v. BELL.

## Addison P. Cook v. Mary Bell.

*Depositions: Objections as to form: Notice.* When notice of the filing of a deposition has been given, objections as to form cannot be made at the hearing. — *Circuit Court Rule, 54.* It is only in the absence of such notice, that objection can be made on the trial.

*Deposition: Endorsement of return on commission.* When the return to a deposition, taken under a commission, was written upon one of the sheets appended by the commissioner, instead of being endorsed upon the commission: *Held,* sufficient. The papers may be considered as a single document consisting of various parts, and as well identified in one way as another.—*2 Comp. L. § 5250.*

*Chose in action: Land contract: Assignee.* A written contract for the sale of land is such a chose in action as can be sued by the assignee in his own name. The statute reaches every right in property which was ever assignable in equity, or capable of survivorship to executors.—*Comp. L. § 4159; Sess. L. 1863 p. 102; Final v. Backus, p 213.*

*Statute of frauds: Contract: Alteration by Parol.* Where, under the statute of frauds, a contract would be void unless in writing, such contract when written, cannot be altered by parol.—*Abel v. Munson, p. 306.*

*Heard May 8th. Decided May 12th.*

Error to Jackson Circuit.

This was an action brought to recover damages for a failure to perform the conditions of a certain contract for the sale of real estate.

Judgment was rendered in favor of plaintiff below.

The facts are stated in the opinion.

*G. T. Gridley,* and *Jno. D. Conely,* for plaintiff in error.

1. The court erred in admitting parol evidence, tending to show an extension of the time mentioned in the written contract for the payment of the money.—*Comp. Laws,* §§ *3177, 3179,* and cases hereinafter cited.

2. The deposition of Harriet Bell should have been excluded.—*Comp. Laws, Sec. 4250,* 4th subdivision. " The return of the commissioner shall be endorsed on the commission."

In this case the return was endorsed on one of the sheets of the depositions.

3. The court should have charged that if the jury should find that there was a parol agreement for an exten-

COOK *v.* BELL.

sion of the written contract, the plaintiff cannot recover upon such parol agreement, because the same is not in writing.

*a.* A contract under seal cannot be varied by parol.— *Littler v. Holland, 3 Term, 590; Blood v. Goodrich, 9 Wend. 68, 73; Delacroix v. Buckley, 13 Id. 71, 78; Allen v. Jaquish, 21 Id. 628; Eddy v. Graves, 23 Id. 82; Sinard v. Patterson, 3 Blackf. 353, 356; Woodruff v. Dobbins, 7 Id. 582; Chapman v. McGrew, 20 Ill. 101, 104; 1 Greenl. Ev.* Sec. *302.*

*b.* A contract required to be in writing by statute of frauds, cannot be proved partly by the writing and partly by parol,—*Goss v. Lord Nugent, 5 B. & A. p. 58, 65; 2 Nev. & Man, 33, 34; Harvey v. Grabham, 5 A. & E. 61, 73; Stead v. Dawber, 10 Id. 57; Marshall v. Lynn, 6 M. & W. 109; Stowell v. Robinson, 32 E. C. L. 386; Hasbrouck v. Tappen, 15 Johns. 200; Blood v. Goodrich, 9 Wend. 68, 73; Espy v. Anderson, 14 Penn. State, 308, 311; Dana v. Hancock, 30 Verm. 616, 618; Emerson v. Slater, 22 How. (U. S.) 28, 41, 42; Hansborough v. Peck, Am. Law Register for December, 1867, p. 79; Eddy v. Graves, 23 Wend. 82; Sugden on Vendors and Purchasers, p. 174, to 180; 2 Phillips Ev. 4th American, from 10th English edition, p. 680, and note, 497.*

*c.* Extension of time by parol is void.—*Littler v. Holland, 3 Term, 590; Stead v. Dawber, 10 A. & E. 57; Marshall v. Lynn, 6 M. W. 109; Stowell v. Robinson, 32 E. C. L. 928; Hasbrouck v. Tappen, 15 Johns. 200; Blood v. Goodrich, 9 Wend. 68, 73.*

*d.* So far as any support has been derived from the case of *Cuff v. Penn. 1 M. & S. 21,* for the theory that there can be a valid parol extension of a contract required by the statute of frauds to be in writing, the case is regarded as overruled in England.—*Goss v. Lord Nugent, 5 B. & A. p. 58, 65, 2 Nev. & Man. 33, 34; Harvey v. Grabham, 5 A. & E. 61, 73; Stead & Dawber, 10 Id. 57; Marshall*

*v. Lynn, 6 M. & W. 109; Emmett v. Dewhirst, 3 McN. & G.. 587.*

*e.* A substituted performance may often be shown. But its application is limited to cases where the party intending to perform the contract on his part was actually ready and offered to perform, and the other party evaded the performance or refused the money or other things to be tendered, with a declaration, or acts amounting to a declaration, that he did not intend to perform the contract on his part; or elsewhere subsequently to a breach of covenant, the covenantee agreed to accept another thing in satisfaction of his damages, which was an answer for the non-performance of the thing stipulated for. An agreement to accept another thing could not be binding if the new agreement was such as by the statute of frauds required a writing.— *Borden v. Borden, 5 Mass. 67, 69, 74; Frazier v. Cushman, 12 Id. 277, 279; Seymour v. Bennet, 14 Id. 266; Littler v. Holland, 3 Term, 590 and note; Harvey v. Grabham, 5 A. & E. 61, 73; Stead v. Dawber, 10 Id. 57; Marshall v. Lynn, 6 Mees. & Welsby, 109; Stowell v. Robinson, 32 E. C. L. 386; Thompson v. Brown, 7 Taunt. 656; Street v. Dow, Har. Ch. 427; Delacroix v. Buckley, 13 Wend. 71; 1 Greenl. Ev. Sec. 304; 2 Id. Sec. 600, 603; Woodruff v. Dobbins, 7 Blackf. 582; Fleming v. Gilbert, 3 Johns. 530,*

*b.* A promise to extend the time on a contract makes a new agreement, and should be declared upon, or availed of, by way of defense as such. It is valid if in writing and signed by the party. But, if not in writing and signed by the party to be charged, our statute declares it "void." It has no effect either as a "parol extension," or as a "substituted performance," or as a "parol agreement for a substituted performance." The language of our statute is stronger than that of the English, for there it is "no action shall be maintained," but here, the "contract shall be void."—*Robinson v. Godfrey, 2 Mich. 408, 409, 410; Morgan v. Butterfield, 3 Id. 615, to 624;*

*Penn. Mining Co. v. Brady, 14 Id. 260, 264; Same 16 Id. 332, 338; Comp. Laws, § 3179; Langworthy v. Smith, 2. Wend. 587; Freeman v. Adams, 9 Johns. 115; Phillips v. Rose, 8 Johns. 393; Good v. Cheesman, 2 B. & Ad. 328; Bailey v. Johnson, 9 Cow. 115; Stead v. Dawber, 10 A. & E. 57; Marshall v. Lynn, 6 M. & W. 109; Stowell v. Robinson, 32 E. C. L. 386.*

4. The court erred in refusing to charge that the assignment of this contract before breach is not an assignment of a chose in action within the meaning of act No. 75, Laws 1843.—*2 Black. Com. 397, 398; Gillett v. Fairchild, 4 Denio, 82; Laws of 1863, p. 102; Comp. Laws, Sec. 4,159; Bishop Crim. Law, Sec. 428.*

This contract is for the conveyance of land. At the time of the assignment the only right transferred was a right to have the land. The claim for damages did not arise till afterwards.—*Buckmaster v. Eddy, Breese, 381.*

*Johnson & Higby*, and *Bennett & Bancker*, for defendant in error.

1. If a party to a special contract partially perform on his part, and is prevented by the other from performing the balance, he may abandon the contract and sue and recover for what he has done or paid.—*Hoagland et al. v. Moore, 2 Blackf. 167; Alcorn v. Harmenson, 2 Id. 235; Towers v. Barrett, 1 T. R. 133; Giles et al. v. Edwards, 7 Id. 181; 2 Stark. Ev. 867; Ricks v. Yates, Adm. 5 Ind. 115; Newcastle & Rich. R. R. Co. v. Brumback, 5 Id. 544; 2 Pars. on Cont. 35; Webster v. Enfield, 5 Gillm. 298; Borden v. Borden, 5 Mass. 69.*

Money paid on contract rescinded may be recovered.—*Robb v. Montgomery, 20 Johns. 15 ; Hudson v. Swift, 20 Id. 24; Raymond et al. v. Remard, 12 Id. 274; Eldridge v. Rowe, 2 Gillm. 92.*

Where one has received money for another which in equity he ought not to retain, the law implies a promise

to return it.—*Trumbull v. Campbell, 3 Gillm. 502; Beardslee v. Horton, 3 Mich. 560.*

2. The contract declared on in this case, is a chose in action, and the assignee has all the rights of the assignor. —*1 Burr. Law Dict. 213; 2 Kent Com. 351 and notes; 2 2 Bl. Com. 396-7.*

And this suit was properly brought in the name of the assignee.—*Sess. Laws 1863, p. 102; Mann v. Herk. Co. Mut. Ins. Co. 4 Hill, 187.*

3. The time of performance of a contract in writing may be extended by a subsequent parol agreement, even though said contract be within the statute of frauds.

And no new consideration is necessary; or if any, the original contract was sufficient. Or, as in this case, the agreement on the part of Bell to pay interest, or extra interest, was sufficient.—*Wadsworth v. Thompson, 3 Gillm. 423; Keating v. Price, 1 Johns. Cases, 22; Baker v. Whiteside, Breese, (Ill.) 174; Fleming v. Gilbert, 3 Johns. 527; Munro v. Perkins, 9 Pick. 298; 2 Pars. Cont. 574; 2 Abb. Dig. 662, No. 770; 2 Id. 99, No. 886; Langworthy v. Smith, 2 Wend. 590; Borden v. Borden, 5 Mass. 69, 74; Cummings et al. v. Arnold et al. 3 Met. 486; Ten Eyck v. Waterbury, 7 Cow. 50; Erwin v. Saunders, 1 Id. 250; 1 Greenl. Ev. Sec. 304, note 4; Climer v. Hovey, 15 Mich. 24; Woollem v. Hearn, 2 Lead. Cas. in Eq. 651; Stearns v. Hall, 9 Cush. 31, 34; Cuff v. Penn. 1 M. & S. 21; Robinson v. Batcholder, 4 N. H. 40; Buel v. Miller, 4 Id. 196.*

4. There was no error in allowing the deposition of Harriet Bell to be read in evidence. The return of the commissioner was sufficient.—*Pendell v. Coon, 20 N. Y. 134; Hurd v. Pendrigh, 4 Hill, 502.*

CAMPBELL J.

Cook, the plaintiff in error, contracted in writing to sell certain lands to Henry C. Bell, a son of the defendant in error, for a sum of money, payable at fixed times by in-

stallments, allowing sixty days grace, and providing for the avoidance of the contract, and the right to retain payments made, in case of failure to pay as agreed. The money to make the payments actually made, was advanced to Henry C. Bell by defendant in error, and he assigned the contract to her, and Cook had notice of the assignment. · Mary Bell failed to make her payments as provided for, and there was evidence from which the jury were satisfied that a parol agreement was subsequently made to extend the time and make some new terms as to the mode of payment. Before the time as thus extended expired, Cook upon the application of Henry C. Bell conveyed the land to Marietta Bell his wife ; and Mary Bell, after causing an application and offer to·pay to be made to Cook, brought this action. The jury under the charge, found for the plaintiff below, and Cook brings error upon allegations of misrulings at the trial.

Among other things, a deposition taken under commission was introduced, and the return, instead of being endorsed upon the commission itself, was written upon one of the sheets appended by the commissioner.

Objection was made to its introduction, as not in accordance with the statute. If proper notice was given of the filing, the objection could not be made at the hearing *Rule 54.* It is only where no notice is given that objections of form are permitted on the trial. *Knight v. Emmons, 4 Mich. R. 554.* In this case, it is not alleged that any such notice was given, and it becomes necessary to decide upon the sufficiency of the return.

The Statute (*2 C. L. § 4250*) directs that the Commissioners " shall annex all the depositions and exhibits to the commission, upon which their return shall be endorsed." This language is rather ambiguous, and may refer as well to the depositions as to the commission. But we think no reason exists for holding to any technical construction of this direction. If we look to the reason of the thing, there

COOK v. BELL.

would be less danger of substitution of papers, if the return should be upon the documents, instead of on the commission. But we can see no good reason why the papers should not be considered as a single document consisting of various parts, and as well identified in one way as in another. This seems to be the view of the New York Court of Appeals, under the same statute, and we concur in their conclusion.—*Pendell v. Coon, 20 N. Y. 134.*

It was also insisted that the court erred in holding that the contract in question was such a "*chose in action*" as could be sued by the assignee in her own name, under *Section 4159 of the Compiled Laws,* as amended in 1863, *Laws 163, p. 102.* We have no doubt it is within the statute, which reaches every right in property which was ever assignable in equity, or capable of survivorship to executors. As this statute was explained in *Final v. Backus, 18 Mich. R.* decided at the present term, it is not necessary to consider it further.

The principal question, however, arose upon the validity of the parol alteration of the contract. It was an agreement to sell lands, and under the statute of frauds, would have been absolutely void at law, unless in writing, and signed by Cook. No change can be made by parol, which would not, so far as it extended, leave a part of the contract itself in a shape forbidden by the statute. The question was recently settled in *Abell v. Munson, 18 Mich. R.* decided at this term. The court erred in allowing proofs of the parol arrangements.

A question was suggested on the argument, under one of the requests to charge that plaintiff's remedy was only in equity, whether she could in this action recover back upon the common counts for money had and received, the payments made before forfeiture. But the case does not appear to have been presented to the court or jury upon any such hypothesis, and we do not feel at liberty to examine it upon this record. The same difficulty arose in

18 MICH.— A[1]

*Waldo v. Simonson, 18 Mich. R. p. 345,* disposed of a few days ago, where the plaintiff below endeavored in this court to rely upon a supposed right of action under the common counts, when the case had been tried entirely on the special counts. As the court here sustained the right of Mrs. Bell to recover upon the special counts, and all the charges were given or refused on that basis, we have no means of knowing what view might have been taken of this point in the court below, nor what proof would have been before the jury concerning the plaintiff's interest in the retained payments.

As the case stood, no occasion had arisen to examine into that subject.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.