## Harvey M. Dixon vs. Rufus Hill and Another.

No one but a purchaser for a valuable consideration, actually passed before notice of the fraud, can, as against the action of an attaching creditor, claim title to property which has been fraudulently assigned.

And where a debtor had made an assignment of his property, which was void upon its face as against creditors, and plaintiff had bought the property of the assignee, and verbally agreed to pay for it, at certain rates, in his notes on time, but, before making any payment or giving any notes, the property was taken upon attachment against the fraudulent assignor ;—*Held*, That the verbal promise to pay was not sufficient to protect the title of the purchaser against the attachment.

*Heard July 12th. Decided July 15th.*

Error to Calhoun Circuit.

The facts in the case, so far as they are material to present the question passed upon by the Court, are as follows:

DIXON vs. HILL.

On the 2d day of August, 1856, Arza Lewis, being largely indebted and greatly embarrassed, made a general assignment for the benefit of creditors to one George H. French, which assignment was conceded on the trial to be fraudulent upon its face, as it authorized a sale of the assigned property on credit. French immediately took possession of the property assigned, which, among other things, included a stock of goods in a store at Homer. He remained in possession of said store, publicly selling the goods as assignee, until he sold to Hill & Mahoney, the plaintiffs below. The bargain of sale to these parties was made on the 24th day of September, 1856. They were to have the goods at twelve per cent. discount from New York cost, and were to pay $250 down, and give their joint notes for $250, payable in three months, and, for the balance, their notes in four equal payments, at twelve, eighteen, twenty-four, and thirty months, with interest after six months, and were to take possession next morning. They did so take possession, and commenced the inventory and sale of the goods.

On the 3d day of October following, the goods in the possession of the plaintiffs below were attached by the defendant below, who was sheriff of Calhoun county, as the property of the assignor, Lewis, on a writ in favor of Culver, Foote & Wilkie, who were creditors of Lewis. The inventory on the sale to Hill & Mahoney was not then completed, nor the amount of purchase-money ascertained. No money had then been paid to French, nor had any notes, or other securities or evidences of debt been given. Some time after the attachment, the $250 was paid, and notes were given for the balance of the purchase-money. Hill & Mahoney replevied the goods from the sheriff.

On the trial of the replevin suit, the sheriff having justified under the attachment, and these facts appearing in evidence, the Court was asked by counsel for defendant below to charge the jury, —

That if the jury find that the sale as between the assignee

and the plaintiffs was complete, so that, as between them, the title passed; yet, if they find further, that at the time the defendant attached the goods in question, the plaintiffs had neither paid *nor secured* any portion of the purchase-money, then the attachment was valid, and the defendant is entitled to recover.

That a mere promise by the plaintiffs to the assignee, to pay money and to give notes, neither having been done at the time of the attachment, did not constitute a sufficient consideration to enable them to hold the goods as against the attaching creditors of the assignor.

But the Court refused this request; and, on the contrary, charged the jury, —

That if plaintiffs were purchasers of the goods for a valuable consideration, and without notice of the fraud, they had a perfect title of the property, and were entitled to a verdict.

That if anything passed of a substantial or legal value, it was a valuable consideration.

That if the jury should find that plaintiffs obliged themselves to pay French, the assignee, the purchase-price of the goods in question, whether by writing or parol, the possession having been given to the plaintiffs, that would be a valuable consideration.

To which charge as given, and to the refusal to charge as requested, defendant excepted.

Verdict having been rendered for plaintiffs in the Court below, and judgment entered thereon, defendant brought the case to this Court by writ of error, for review on the exceptions.

*Walkers & Russell*, for plaintiff in error:

The Court erred in his refusal to charge, and in what he did charge, as to what constitutes "a purchaser for a valuable consideration." — 2 *Comp. L.* § 3202.

Our position is, that to make a "purchase for a valuable consideration," the purchaser must actually have *paid* that con-

sideration, or at least have *secured* the payment thereof, or some portion thereof.

The object of the statute is apparent. It is to make fraudulent assignments, &c., void as against creditors, but, at the same time, to protect purchasers in good faith, and without notice, from loss or injury in consequence of such purchase. And we say a purchaser is neither within the equity or the letter of the Act, unless he is in a situation where, in the language of Lord Hardwicke, he will be "hurt" if the creditors avoid the assignment.

Unless therefore he has paid the purchase-money, or secured the payment thereof, he is not, within the purview of this statute, "a purchaser for a valuable consideration." — *Tourville vs. Naish*, 3 *P. Wms.* 306 ; *Harrison vs. Southcote*, 1 *Atk.* 528 ; *Story vs. Lord Windsor*, 2 *Ibid.* 630 ; *Hardingham vs. Nichols*, 3 *Ibid.* 304 ; *Frost vs. Beekman*, 1 *Johns. Ch.* 301 ; *Jewett vs. Palmer*, 7 *Ibid.* 65 ; *Wormley vs. Wormley*, 8 *Wheat.* 449 ; *Vattier vs. Hinde*, 7 *Pet.* 271 ; *Jordan vs. Pollock*, 14 *Ga.* 160 ; *Christmas vs. Mitchell*, 3 *Ired. Eq.* 535 ; *Ames vs. Blunt*, 5 *Paige*, 14 ; *Dillard vs. Crocker*, 1 *Speers Eq.* 27 ; *Williams vs. Hollingsworth*, 1 *Strob. Eq.* 112 ; *Bush vs. Bush*, 3 *Ibid.* 134 ; *Okie vs. Kelly*, 12 *Pa. S. R.* 323 ; 2 *Story Eq.* § 1502 ; *Sugden on Vendors*, 1070.

And even if securities have been given for the purchase-money, the rule is the same, as the notice before payment furnishes a good defense to the purchaser against payment. — *Tourville vs. Naish*, 3 *P. Wms.* 306 ; *Hardingham vs. Nichols*, 3 *Atk.* 304 ; *Jewett vs. Palmer*, 7 *Johns. Ch.* 65.

The promise of Hill & Mahoney in this case could not have been enforced by French, the fraudulent assignee, after the goods for which it had been given had been taken from them by a superior title — that of the defrauded creditors. The promise, then, would not be the ground of legal liability, and therefore could not be of value.

*Hughes & Woolley*, for defendants in error:

The charge of the Circuit Judge was correct. A verbal promise to pay money or make notes is a good consideration. — *Riddle vs. Varnum*, 20 *Pick.* 283; *McOmber vs. Parker*, 13 *Pick.* 183; *Smith's Mer. Law* 600, *Note.*

CAMPBELL J.:

The plaintiff in error, who was defendant in the Court below, acting as sheriff of Calhoun county, levied a writ of attachment upon certain goods, in a suit against one Arza Lewis, as a fraudulent debtor. Lewis had made a general assignment, including these goods, to George H. French. French made an arrangement to sell the assigned property on credit to the defendants in error, who took possession and went on selling under the arrangement while the inventory was still incomplete. Before the inventory was finished, and before they had paid or secured any portion of the price, the attachment was levied on the goods, and the defendants in error replevied them. Judgment being given in their favor, the case comes into this Court upon writ of error, exceptions having been taken to the rulings on the trial.

The Court below, having decided that the assignment was void upon its face as against creditors, proceeded to charge the jury that it was nevertheless unnecessary that the defendants in error should have either paid or secured to be paid any portion of the purchase-money of the goods, in order to protect their title against the attachment, and that a verbal promise to pay was a sufficient consideration for that purpose.

No one but a purchaser for a valuable consideration can claim title to property which has been fraudulently assigned, against the action of an attaching creditor. Such purchasers are protected upon the equitable principle that they should not be deprived of that which they have honestly, and with-

out notice of any fraud, bought and paid for in fair dealing with the person holding the legal title. But the consideration must, in all cases, be actually passed before notice. Unless payment has been actually made in some shape, the authorities are quite clear that the purchase will not be upheld. In equity, a purchaser is protected to the extent of the payments actually made, and no further, even where future payments are provided for, unless those are secured in such a manner that the purchaser can not be relieved against them. This could only happen where he gives negotiable paper; for upon a debt not negotiable, the failure of title would exonerate him. It is unnecessary to decide whether in a court of law a purchase can be assailed or apportioned where there has been a partial payment. In the case before us, no consideration whatever had been paid or secured. Such a purchase can not avail, either at law or in equity, against the remedies of creditors. The Court erred in charging the jury in favor of its validity.

As this disposes of the merits of the case, we deem it unnecessary to decide the other points raised by the bill of exceptions. The judgment below must be reversed, with costs, and a new trial granted.

All the Justices concurred.