## Solomon Stone v. James Welling and others.

*Evidence by Stipulation. Practice.* Documentary evidence, submitted to the Court, at the hearing, by stipulation, is to be considered in the same light as evidence taken by deposition. Such evidence does not require the authentication of the Judge, by the making of a case, as does that taken in a trial in open Court, but comes before this Court by a return of the evidence, as in ordinary cases.

*Waiver by appearance of party.* Where a party appears and answers, all objections to the regularity of proceedings to bring him into court, must be considered as waived. This principle applied to the case of a non-resident defendant, proceeded against by advertisement, who was permitted to come in and defend more than three years after the date of the decree against him.

*Burden of proof, when immaterial.* When the question is whether a party is a *bona fide* purchaser of land, and the evidence of the real consideration of the deed has been introduced, it is immaterial which party had the burden of proof, or which introduced the evidence.

*Bona fide purchaser.* A mere executory contract, as the consideration, not sufficient. A contract to surrender indebtedness of the grantor to the grantee and others, but which was wholly unperformed in fact, whilst it is a sufficient consideration for the deed, as between the parties thereto, is not such a valuable consideration as to make the grantee a *bona fide* purchaser, as against a prior mortgage, recorded subsequently to the deed.
    In order to constitute the grantee a *bona fide* purchaser he must have parted with something of value, and not merely given a contract, which he could avoid, if his title under the deed proved defective.—*Walk. Ch.* 117; 5 *Mich.* 404; 6 *Id.* 138; 12 *Id.* 339.

*Agreement to discharge.* An agreement by a creditor with his debtor to discharge his demand at a future day cannot be treated as an absolute discharge, as against third persons whose rights intervene, where it appears that there was such a failure in the consideration for the agreement as would have entitled the creditor to disregard it, and proceed to the collection of his demand.

STONE v. WELLING.

*Bona fide purchaser must have paid value before notice of the prior mortgage.* A party, in order to claim as a *bona fide* purchaser against a prior unrecorded mortgage, must have paid value at the time of his deed, or before the recording of such prior mortgage. The original transaction must have been valid at the time as a *bona fide* purchase, or the prior record of the deed would be of no avail under the recording laws. The recording could not make the party a *bona fide* purchaser, when the effect of the prior recording depends upon the fact of his being such *bona fide* purchaser.

*One not a bona fide purchaser, when may redeem.* Where a subsequent purchaser has his deed recorded before the prior mortgage, but has not paid value in such a manner as to be held to be a *bona fide* purchaser as against such mortgage; yet, as in a foreclosure suit on such mortgage the validity of the deed, as between the parties thereto, cannot be attacked, he is entitled to redeem.

*Defense by answer, allowed, covers all defenses.* The Court below made an order opening the decree, and permitting the defendant to answer, but providing that the sale before made under the decree should stand until the final hearing.

  *Held*, that the opening of the decree and allowing a defense by answer, permitted of all rights of defense which might be established by answer, including a right of redemption.

*Who bound by decree.* Where a decree in a foreclosure case is opened to let in a defense, on the petition of a defendant, after a sale has been made to complainant under the decree, no one will be bound by the proceedings on such petition but the parties to it, and those who have subsequently acquired interests under them. Any one who, before the decree was opened, had become purchaser under the complainant, would not be affected by such proceedings unless made a party to them, and allowed an opportunity to be heard.

*Heard October 12th and 13th. Decided October 23d.*

Appeal from Shiawassee Circuit, in Chancery.

The bill was filed in 1852 for the foreclosure of a mortgage, and the defendant proceeded against by advertisement, as a non-resident. The bill was taken as confessed, decree rendered, and the land sold to complainant in 1854. In 1857, more than three years after the sale, defendant Welling applied to the court to have the decree opened, that he might make defense by answer. This was done, and on hearing upon bill, answer and proofs, a decree was rendered against the defendant from which he appealed to this Court. The opinion contains all the facts necessary to a full understanding of the case.

*E. Gould*, for complainant.

1. The proceedings in the case, up to and including the sale of the mortgaged premises, were regular, and vested in the purchaser the title in fee of the land sold.

The order allowing defendant to appear and defend shows, that the court did not grant the prayer of petitioner, because of irregularities in the proceeding. It expressly reserves the rights of the purchaser of the land from the effects of the order made.

In this case, defendant, if he has any cause of complaint, must file his bill and seek his remedy through a bill filed against the complainant.—2 *Comp. L.* § 3547, 8, 9.

The law expressly prohibits the defendant from proceeding, and declares, that he shall not proceed, except to file his bill against the complainant, and his representatives, to account for any money received by him, or them, by virtue of such decree, over and above the amount justly due on the mortgage.

Irregularities in the sale and conveyance must be shown, to entitle defendant to be heard. The court, in making the order, evidently left the question to be determined at the hearing.

2. The testimony, or that portion which is exhibited in the return of the register, does not, in any manner, show that it was taken in the case. The deeds were to be produced in open court, upon a notice to be served, which notice was served, and what is claimed as testimony introduced does not show that it is the minutes of the court on the trial. It does not show, in any manner, that any testimony was introduced, on either side.—8 *Mich.* 74.

The defendant brings us into this Court, claiming that, under the law and the proof offered by him, injustice has been done, and he asks a reversal of the decree made by the Circuit Judge; and it would be great injustice to complainant, if the proceedings before the judge could not be presented in their connection with the defendant's testimony, as follows:

Complainant claims, that the allegations in the answer were not sufficient to allow the defendant to introduce evidence of the payment of a valuable consideration, for the deed he claims to have from Hart, and wife, to himself and Root. And we had a right to, and did, object to the introduction of any evidence showing the fact.

Again, the defendant failed to file the notice required by the stipulation, so as to entitle him to produce in evidence, on the hearing, the deeds which are set out in the case; this we had a right to, and did, object to; and in other respects the rights of the complainant would be, and are, injured, if the deeds, &c., are to be used as evidence, without the whole thereof appearing.

3. The answer filed by the defendant does not properly allege that the defendant paid value for the deed, which he attempts to set up. The answer is, substantially, that he is a purchaser, for valuable consideration paid, without notice. It should have been stated that he actually paid for the land, in money, and how much, or how he paid for it; if by the discharge of a precedent debt, it should have been so stated; to apprise complainant as to the facts to be proved, that he might have rebutted the evidence.—*Story's Eq. Pl.* 604, 605; 7 *Johns.* 65; 8 *Paige*, 421.

4. The evidence on the part of defendant does not sustain his answer, as to a consideration actually paid. The whole of the evidence on that point is contained in the deposition of the witness, George W. Root, who was at one time joint grantee of the land with defendant, and his history of the transaction through which the deed was obtained is, that Hart and a woman by the name of Williams were indebted to Welling & Root, for goods previously sold them, upon which judgments had been recovered, and the only consideration for the deed under which defendant claims, was an agreement to cancel the said judgments, and other claims which they held against Hart & Williams, and to cancel and get up a note which one Hobert had against the same parties, within twelve months from the time of giving the deed.—10 *Peters*, 177; 12 *Mich.* 496; 13 *Id.* 367.

The only consideration for the giving of this deed, then, is an executory agreement of the defendant, unperformed to this day. The deed does not constitute the defendant a *bona fide* purchaser. Welling & Root did not part with anything of value; they released no debt; they did nothing but make an

agreement which has never been fulfilled, so far as this case shows; and they stand where they did when this agreement was executed.

The consideration was sufficient to support the deed, as between themselves and Hart; but as between themselves and complainant, it is of no avail.—4 *Paige,* 215; *Walker's Ch. Mich.* 117; 3 *Barb. Ch.* 408; 3 *Paige,* 421.

5. The execution of the mortgage vested in the complainant an interest in the land. The defendant's deed is subject to complainant's mortgage, except as it may be controlled by the registry law  But the registry law, whatever may be the language used, will be controlled by the rule laid down by the courts of equity; that the subsequent purchaser must be such, *bona fide,* without notice, and for a valuable consideration actually paid. The court will not allow the defendant to take the advantage of the registry act, when he has paid nothing for the deed he sets up. *Walker's Ch. Mich.* 117; *Id.* 265.

The Statute of 1838, pages 260 and 291, § 5, is substantially a copy of the English registry law, and the courts have always held that the subsequent grantee, although he is first on the record, must have the equities with him, or the first grantee would prevail.—*Sug. on Vendors,* 511, 498; *Walker's Ch. Mich.* 118; *Id.* 265.

The question, then, turns upon the equities between the parties. A court of law would be controlled by the strict letter of the statute, but it is otherwise with this court.

*H. K. Clarke,* for defendant.

1. As to the burden of proof, the court below puts it on the defendant. We think it is on the party who disputes the right which the defendant acquired, by his prior record.

The statute, in force at the time when the deed and mortgage were executed, and the deed recorded, enacts that "No bargain and sale, or other like conveyance of any estate in fee-simple, or for life, and no lease for more than seven years from

the making thereof, shall be valid and effectual against any other person than the grantor, and his heirs and devisees, and persons having actual notice thereof, unless it is made by a deed, recorded as provided in this chapter." *Rev. Stat. of* 1838, *p.* 260, § 25.

This legislates directly upon the effect of an unrecorded deed, as against " any other person than the grantor, and his heirs, and devisees, and persons having actual notice." The defendant in this case is such "other person." Against him the unrecorded mortgage of Hart to Stone is declared to be invalid and ineffectual. The law, as it stood from 1838 to 1847, protected all persons against an unrecorded deed, except the grantor, his heirs and devisees, and persons having notice. As the law stood prior to 1838, and has been since 1847, a party, to claim this protection, must also be a purchaser for a valuable consideration.—*Laws of* 1827, *p.* 280, § 2; *Rev. Stat. of* 1846, *Comp. L.* § 2748.

Possibly a Court of Equity, upon general equity principles, might hold that only a *bona fide* purchaser could claim the protection of the statute of 1838, notwithstanding the fact that the statute by its silence does not limit its application, as is provided in the law prior to 1838, and subsequent to 1847. It is very clear, however, that a party claiming under a prior recorded deed, executed and recorded while the statute of 1838 was in force, will not be deprived of its priority, except upon the clearest proof, affirmatively establishing the fact that he is not a *bona fide* purchaser without notice.

The language of the statutes of 1827 and 1846 might be so construed as to throw the onus of proving the consideration upon the party claiming under the subsequently executed, though first recorded deed. Yet the language has been construed by Chancellor Manning in *Godfroy v. Disbrow,* *Walker's Rep. p.* 265–6, in which he held that the onus of establishing notice and want of consideration is upon the party claiming under the subsequently recorded deed. The question was raised in that case in the same way that it is in this;—the

answer denying notice, and asserting a *bona fide* purchase.—2 *Lead. Cas. in Eq. p.* 86.

The complainant, offering no proof to charge the defendant, Welling, with notice, or to impeach the consideration of the deed to him, the bill ought to have been dismissed. The case, as it stands upon the pleadings, will lead to the same result.

The bill charges, in the form usual in foreclosure bills, that the defendant "has or claims to have rights and interests in the said mortgaged premises," and calls for a full answer, on oath, as "to all the facts charged and stated in the bill."

Thus called upon, Welling answers that he never knew or heard of the mortgage, stated in the bill, until 1857. He denies that any such mortgage was legally of record. He avers that he has an absolute title to the mortgaged premises, for which he had actually paid a valuable consideration, and that "he was, and still is, the owner of the premises, without legal or actual notice of any claim or lien of the complainant thereon." It is not easy to conceive of anything more directly responsive than this to the case made by the bill, and the call upon the defendant to set forth his title.— *Walk. Ch. Mich.* 267; 12 *Mich.* 297.

The complainant, having taken no proofs to contradict the answer, there is, of course, no preponderance of proof to overcome it. The defendant, therefore, on his answer fully denying the equity of the bill, was entitled to have it dismissed.

2. The defendant does not rest upon his rights as presented by the pleadings. He proceeds to prove, and does prove, that he paid a valuable consideration for the conveyance to him. The testimony of Geo. W. Root, and the copy of the agreement entered into between Welling and Root, and Hart, show what the consideration was.

It is understood that the objection to the validity of this consideration is, that it is not shown that the agreement was performed. To this we reply:

*a.* That the agreement itself is a sufficient consideration for

the deed. It was satisfactory to Hart; he could enforce it, and he has never complained of it.

*b.* An agreement to discharge a judgment, due to the party who makes the agreement, is a discharge of the obligation of that judgment, and to that extent the agreement was performed.

The doctrine that the holder of a promissory note, or of a mortgage given for a precedent debt, is not a purchaser for value, which was relied upon below to defeat the title of the defendant, has been repeatedly denied in this Court, and it may be regarded as settled that in this State it is not law.—1 *Doug. Mich.* 413; 5 *Mich.* 459; 13 *Id.* 539.

*c.* And if it had not been, it would be especially absurd to hold that a party could not accept the conveyance of land in payment of a debt due to him, except at the risk of having his title defeated by a deed, of which he had no notice, on showing that the only consideration for the conveyance was a precedent debt!

If there can be any greater absurdity than this, it must be that every man holds the title to his real estate dependent upon his ability to prove, at any time when called upon, by any one who claims to have an older deed, what the actual consideration was for the conveyance under which he holds! —which is also contended for by the complainant in this suit.

The defendant's equity being thus affirmatively established, the bill ought to have been dismissed.

3. There is another reason why the decree in this case should be reversed. If the court below was right in giving to the complainant's mortgage a lien prior to defendant's deed, certainly that was no reason for denying to the defendant a right to redeem, as against the mortgage. The complainant's right in the mortgaged premises was only a lien; the extent of his right was to secure the payment of his debt. But the decree in this case was more severe than a strict foreclosure. It was more severe than the prayer of the bill: that asked for a foreclosure and sale. The decree adjudged "that said

James Welling has no right, title, or valid claim to said prem-
ises, or against the said complainant and his grantees." Such,
an absolute denial of right is utterly without any precedent in
a Court of Equity.

The former decree and sale furnish no excuse for such an
extraordinary proceeding. The sale was to the complainant.
It had not been confirmed; and if all the proceedings in the
suit to that sale had been perfectly regular, yet, when set
aside and the defendant let in to defend, he was entitled to the
rights of a defendant.

But we claim that those proceedings were not regular.
This irregularity was alleged as a ground of setting aside that
decree, and this irregularity now appears upon the face of the
record, in these particulars:

*a.* The order for the appearance of the defendants, who are
all non-residents, was made by a Circuit Court Commissioner.
Such an order, in 1852, could only be made by the court.—
*Comp. L.* § 3534.

*b.* The affidavit on which the order was granted does not
appear in the record. This precise point was adjudged fatal
in 10 *Mich.* 264, 5.

4. If the defendant Welling has no rights here, certainly
the court will look into the record and see whether the decree
ought to stand, as against the other defendants. They are all
non-residents, and all infants, the children of George Hart, the
complainant's mortgagor and Welling's grantor. George
Hart is dead, and the court below granted a decree against
his infant children, without any other proof of an existing
indebtedness, arising on an indemnity mortgage, than the
examination of his attorney; when the complainant himself
was residing in the same place.— *Comp. L.* § 3537–3540; 13
*Mich.* 258.

COOLEY J.

The position of this case is as follows: Stone filed his
bill to foreclose a mortgage given by George Hart, making

James Welling a party defendant as subsequent purchaser. Both the defendants were non-residents, and their default was taken for want of appearance, after publication of an order for that purpose. Decree was taken in the usual form, a sale made under it, and the premises bid in by complainant.

Three years after this sale the defendant Welling presented his petition to the court for leave to defend, setting forth that he had just become aware of the proceedings. He also moved the court to set aside the proceedings, for irregularity. The court made an order based on his petition, setting aside and vacating the decree, and giving Welling leave to defend, but directing that the sale which had been made should not be affected until the final hearing and decision of the cause.

Welling then filed his answer, by which he claimed title to the mortgaged lands, by a deed from Hart, bearing date after the mortgage, but recorded first, and which he alleges was given for the consideration of five hundred dollars. Issue being taken upon this answer, evidence was put in by Welling to support it, from which it appears that the real consideration for the deed was an agreement by the firm of Welling & Root to give up to Hart, within twelve months from its date, judgments and notes against Hart and one Williams, both, or either of them, to the amount of four hundred and fifty dollars, including in that amount their indebtedness to Welling & Root. There was also a conditional agreement to procure and give up to Hart another note, of near a hundred dollars, held by one Hobert. Welling & Root at this time held a judgment against Hart & Williams, amounting to about $336, but whether there was any further indebtedness to them was not distinctly shown. Nothing appears to have been done towards performing this agreement with Hart after it was given.

The court below held that this deed and evidence did not entitle Welling to the rights of a *bona fide* purchaser, as against the prior mortgage to complainant, and thereupon, by its final order, vacated the order opening the decree, leaving

the sale to stand unaffected.   Welling appeals to this court, and assigns several causes for a reversal of the proceedings.

A preliminary objection is taken by complainant, that no evidence is properly returned with the record, inasmuch as the proofs were submitted at the hearing, and no case embodying them has been made and settled.   This objection is based upon the assumption that the case is to be considered as having been heard on evidence taken in open court; but this is a misapprehension of the practice.   An order for taking proofs in the usual form was entered, and the evidence which was put in at the hearing was documentary in its character, and was put in at that time by stipulation.

Under such circumstances no settlement of a case is required, but the depositions or documents, which appear from the record to have been presented and filed in the court below, stand on the same footing as depositions taken before a Commissioner, and require no authentication by the Judge.   We have no doubt the evidence is all properly before us, and we have only to consider the validity of the reasons assigned for a reversal.

*First.*  It is claimed that the order for the appearance of the defendants as non-residents was not in compliance with the statute, and consequently all the subsequent proceedings were void.   This objection, if otherwise valid, was obviated by the appearance and answer of Welling in the case, and does not, therefore, require examination.   An objection that the complainant should have been personally examined as to the payments due upon his mortgage, before the first decree was rendered, stands upon the same footing, as it cannot be claimed to be essential, when the defendant is personally served or appears in the case.

*Second.*  It is insisted that Welling, having placed his deed first upon the record, had a right to rely upon it as establishing a *prima facie* right in himself as against the mortgage, and that complainant, if he claimed the better right, would take upon himself the burden of showing that Welling was not

a *bona fide* purchaser. We do not perceive that the question of the order of proof is of any importance in the case, as it now stands. The evidence showing the real consideration for Welling's deed is in the case, and is not disputed. It is, therefore, quite immaterial which party introduced it. It must be considered and weighed on the final hearing, and the question arising upon it is, not who was bound to put it in, or who did so, but whether when in it supports the deed as against complainant.

*Third.* Welling claims that the agreement which was given for the deed was amply sufficient to support it, and to entitle him to the rights of a *bona fide* purchaser under the recording laws. It was satisfactory, it is said, to Hart; and as to the indebtedness held by Welling and Root against him, it would have the effect of a present discharge. That it was satisfactory to Hart can be of no consequence on this question, since, to constitute Welling a *bona fide* purchaser, he must have parted with something of value, and not merely given a contract which he could avoid, if his title under the deed proved defective. — *Thomas v. Stone, Walker's Ch.* 117; *Dixon v. Hill,* 5 *Mich.* 404; *Warner v. Whittaker,* 6 *Id.* 133; *Blanchard v. Tyler,* 12 *Id.* 339. Nor do we think the agreement had the effect to discharge any indebtedness. It was executory in its character, covering not only the claims of Welling & Root, but also other claims to be procured by them, and upon which it cannot be claimed that the agreement itself would have any effect whatever.

An agreement by a creditor with his debtor to discharge his demand may doubtless be treated as an absolute discharge, on the principle of equitable estoppel, when the consideration is sufficient, and the rights of third persons do not intervene. — *Robinson v. Godfrey,* 2 *Mich.* 408; *Morgan v. Butterfield,* 3 *Id.* 615.

But the question in this case is, whether there was an actual payment of value for the land by Welling before notice of complainant's mortgage; and to make the agreement amount

to such a payment it must at least have been one which Hart, at the time, could have enforced as a discharge against Welling & Root. The evidence shows that the agreement was wanting in the consideration agreed upon, since the land covered by the deed had previously been incumbered by the mortgage to complainant. There was no impediment, therefore, to Welling & Root proceeding in the collection of their demands against Hart & Williams, if the facts had all been made known to them. The circumstance that their deed was recorded before the mortgage can not relate back, so as to furnish a valuable consideration for the deed as against complainant, if one was wanting at the time. The original transaction must have been valid at the time, as a *bona fide* purchase, or the prior record of the deed would be of no avail under the recording laws. To say that Welling made his agreement effectual, and became a *bona fide* purchaser, by getting his deed on record first, when the force of the record depended on his being a *bona fide* purchaser, is simply reasoning in a circle.

*Fourth.* But although Welling was not entitled to priority of right as against complainant's mortgage, we think the court erred in not giving him leave to redeem. When the court in the exercise of its discretionary power vacated the decree to let in his defense, we do not see how he was afterwards to be deprived of the benefit of such defense as he should be able to establish. The proviso in the order opening the decree, that the sale should stand until the final hearing, we can only understand as designed to leave the sale unaffected, until it should appear that some matter of defense required it to be vacated; since, otherwise, letting Welling in to defend was an idle ceremony. The equity to have the sale set aside where a right of redemption is shown, is as complete as if it had appeared that Welling's rights superseded those of complainant altogether. An order allowing a defense by answer would certainly imply a full defense, where no restrictions are imposed by its terms. The suggestion made by complainant's counsel, that the court by its order designed

simply to give Welling the same rights, and no more, which he would have obtained by filing his bill—namely, the right to an account of the proceeds of the sale, should he appear to have priority—does not seem to us consistent with the order made, which, as we have said, imposes no restrictions upon a full defense. It may be that the court ought to have declined to interfere on the petition, and left Welling to his statutory remedy; but as a defense was allowed, we have only to see how far it was made effectual. And, as we have said, it was made effectual to the extent of showing a right to redeem; since the validity of the deed from Hart to Welling, as between the parties to it, cannot be questioned in this proceeding.

All the steps taken in this case, subsequent to the sale, have proceeded on the assumption that Welling was the party in interest on one side, and the complainant on the other; but it was stated on the argument in this Court that complainant long since parted with his interest. As the record discloses nothing of this, we can not regard it in our decision; but no decree we could make either ought to effect the rights of persons not made parties, or could be made to do so. The order opening the decree, and all subsequent proceedings, will be available as against any right of the complainant, or any one who has since acquired rights under him; and Welling can redeem from any such party; but if other parties are interested they are entitled to be heard, before their rights can be affected; and the order allowing redemption must be so limited as to confine it to such interest in the land as the complainant owned, at the date of the order opening the decree.

The final order of the court below must be reversed, and decree entered in this Court allowing defendant Welling to redeem on this principle, on paying to complainant, or his solicitor, in case complainant has not conveyed the land, or has conveyed since the decree was opened, the amount of the original decree, with interest thereon, and the complainant's costs of this Court, within four months from this day, after deducting

therefrom his costs of this Court to be taxed. And on failure to make such payment within the time mentioned, his right of redemption is to stand foreclosed. But in case said complainant had conveyed said land before said decree was opened, then the said defendant to be at liberty to assert his rights against the purchaser or purchasers, as to him may seem meet, and the rights of all such persons, and of said defendant against them, shall remain unaffected by this decree.

CHRISTIANCY and CAMPBELL J J. concurred.

MARTIN CH. J. I find no reason for changing the decree of the Circuit Judge.