NEWELL MATSON, GEORGE JOHNSON, LEVERETT J. NORTON AND WILLIAM E. HYLER v. HARRIET MELCHOR, EDWIN B. MELCHOR, LOUIS W. MELCHOR, AND CHARLES MELCHOR, HEIRS OF THADDEUS W. MELCHOR.

*Chancery practice—Bill in aid of execution—Formal objections— Deposition not affected by deponent's subsequent death—Admissions made in one suit used in another—Gift from husband to wife in fraud of creditors—Neglect to assert homestead exemption in defense.*

Formal objections are not allowed on the hearing of a cause where they could easily have been made before.

A deposition filed with a commissioner to take testimony, and recognized in the cause by a stipulation, will not be excluded on the hearing if there was no motion to suppress it, even if the stipulation was not in proper shape.

The death of a party to a suit before it is brought up for hearing does not affect the validity of a deposition taken during his lifetime, nor exclude evidence of his own admissions.

Where defendants in chancery had answered in another suit attacking the same transaction, their answer, if meant to be an admission, is admissible as such, though never filed in the suit for which it was drawn.

The fraudulent effect of a gift from a man to his wife by which the property is placed beyond the reach of creditors, is not changed by the fact that the wife, while she knew her husband was indebted, did not know that he could not give her his property under the circumstances.

One who claims as a *bona fide* purchaser, but who has only given his notes, must also show that he had made payment thereon before notice of the defect in his grantor's title.

Where a bill was filed in aid of an execution that was levied on a lot which had been conveyed in fraud of creditors and was occupied as a homestead, and the answer did not aver its value to be low enough to bring it within the constitutional exemption, the levy was *held* legal, and action should have been taken under it to ascertain the homestead right or secure such interest as might remain over in case the value of the property exceeded the amount of the levy.

Where a homestead right is not asserted in defense to a bill in aid of execution, and the defendant has died and his children are of full age, there is no obstacle to a sale under the levy.

Error to Van Buren. Submitted January 7 and 8. Decided January 20.

BILL IN AID of execution. Dismissed. Complainants' appeal.

*G. W. Lawton* for complainants. Sworn admissions made in answer to a bill of complaint are admissible in another case involving the same issues, though they had never been filed, 1 Greenl. Ev., §§ 169, 171, 172; 2 Whart. Ev., §§ 1116, 1123; *Williams v. Cheney*, 3 Gray, 215; *Tupper v. Kilduff*, 26 Mich., 394; *Kelly v. McKenna*, 18 Mich., 381; *Hickey v. Hinsdale*, 12 Mich., 99; *Atwood v. Cornwall*, 28 Mich., 336.

*Knowles & Rowland* for defendants.

CAMPBELL, J. This bill was originally filed against Thaddeus W. Melchor and Jennie Wilson as well as against Harriet Melchor and Edwin B. Melchor. Defendants Louis and Charles Melchor were brought in as heirs on the death of Thaddeus. The bill was voluntarily dismissed against Jennie Wilson, who claims interests as a *bona fide* encumbrancer.

The bill was filed in aid of an execution levied on lands conveyed by Thaddeus to his wife Harriet, and in part conveyed by her to their son Edwin—the conveyances being charged as in fraud of complainants as judg-

ment and execution creditors., The conveyances to Harriet Melchor were made at different times in the year 1874. The judgment, rendered in July, 1875, was upon claims existing before any of these transfers. The property consisted of several lots in Paw Paw, one of which seems to have been occupied as a homestead during all this time, and is still occupied by the grantee, Mrs. Melchor. It does not appear that any of them are minors.

A preliminary question is raised concerning the most direct testimony in the cause, which requires notice. A deposition was taken of complainant Norton, referring to matters which it is claimed were within the equal knowledge of Thaddeus Melchor, and which it is insisted should be excluded—*first,* because the deposition was not regularly taken, and is said not to have been regarded by the court below: and *second,* because the transactions were not receivable in evidence as against the representatives of the deceased party.

The deposition was probably taken regularly, as it is otherwise difficult to account for several things concerning it. But whether regular or not, it was recognized as in the cause by a written stipulation. It is claimed that this stipulation was not in such a shape as to cure the irregularity. We need not discuss this, because there was no motion to suppress. The practice has never allowed formal objections on the hearing where they could have been made without difficulty before. *Boxheimer v. Gunn,* 24 Mich., 372; *Cook v. Bell,* 18 Mich., 387.

If the deposition was on file, it makes no difference whether the court below received it or not. It is evidence which ought to have been received.

The testimony was taken during the life of Thaddeus Melchor, and his subsequent death cannot affect its validity, or render his admissions incompetent.

The other testimony objected to was the record of another suit by creditors attacking the same transaction, and allowed to go by default. There was also evidence

of an answer in the same cause signed by all the parties, but for reasons connected with an arrangement, never filed.

This answer is clearly receivable as a deliberate and positive admission of facts. It cannot lose its quality of an admission simply because it was never filed, provided it was meant at the time to be an admission,—of which there can be no doubt. We have not found it necessary for our own satisfaction to consider the record itself, and it is not important to refer to the rules of evidence bearing on it.

It appears very distinctly from this answer that no consideration in fact passed from Harriet to Thaddeus Melchor, and that she entered into no obligation of such a nature as to stand for value. She claims to have taken the property on a promise to pay debts. It does not appear anywhere what this agreement (if any such was made) referred to, and it is not probable there was any valid agreement made or contemplated. From all the circumstances it is clear to our minds that it was a purely voluntary transaction. The case in its best aspect is like *Fellows v. Smith*, 40 Mich., 689, where there was a conveyance on very similar terms, but under less suspicious circumstances. While very probably Mrs. Melchor had no actually wrong design, yet she knew that her husband was indebted, and whether she did or did not know that he could not under such circumstances give her his estate is not important. He had no right to put his property beyond the reach of creditors as a means of settlement, or for any other purpose, and the fact that he told his wife, or that she may have believed, he did not intend to defraud any one, does not change the fraudulent operation of the gift.

Edwin B. Melchor was not a *bona fide* purchaser. Whether he had notice of the fraudulent character of his mother's title or was ignorant of it, he did not pay a valuable consideration, but gave his notes. He claims to have paid something on them, but when and how

much does not appear. It was for him to make out, payment before notice. *Thomas v. Stone,* Walker's Ch., 117; *Stone v. Welling,* 14 Mich., 514; *Dixon v. Hill,* 5 Mich., 404; *Warner v. Whittaker,* 6 Mich., 133; *Blanchard v. Tyler,* 12 Mich., 339; *Palmer v. Williams,* 24 Mich., 328; *Boxheimer v. Gunn,* id., 372.

The attempt in this case to show mental incapacity in Thaddeus Melchor is feeble and deserves no attention.

It appears that one lot levied upon was at the time occupied as a homestead. The answer sets up this fact, but relying on the conveyance does not claim the exemption. It does not, however, aver or claim that the value was low enough to make it exempt within the constitutional limit of fifteen hundred dollars. This being so, there can be no doubt of the legality of the levy, and of the necessity of some inquiry and action under it to ascertain the homestead right, or to secure such interests as might exist in case the property was too valuable. Inasmuch as Thaddeus Melchor died without making any such claim, and his children are not shown to be minors, but have appeared as being of full age, the homestead right has terminated if it ever existed, and presents no obstacle to a sale under the levy.

We are of opinion that the transfer to Mrs. Melchor and her sale to Edwin were fraudulent and void as against complainants, and must be set aside; and that the land should be sold to satisfy complainants' judgment, subject only to Mrs. Melchor's right of dower, and such interests as Jennie Wilson may hold.

The decree dismissing the bill must be reversed and a decree entered in favor of complainants, with costs of both courts.

The other Justices concurred.