HENRY J. FELKER, ADMINISTRATOR, ETC., v. MARY A. CHUBB.

*Fraudulent conveyances—Husband and wife—Consideration.*

1. When the *effect* of a voluntary conveyance by a husband to his wife is to defraud his creditors, no actual intent to defraud need be shown.

2. In a suit involving the validity as to creditors of conveyances by a husband to his wife, which are sought to be sustained because the husband received some money from the wife at the time of their marriage, her testimony fixing the amount no nearer than two or three hundred dollars is too indefinite to form the basis of a legal or equitable right.

Appeal from Branch. (Lane, J., presiding.) Argued January 6, 1892. Decided January 22, 1892.

Bill to set aside a deed alleged to be in fraud of creditors. Complainant appeals. Reversed. The facts are stated in the opinion.

*Henry J. Felker* (*E. A. Maher,* of counsel), for complainant, contended:

1. The law has a standard for measuring the intent of parties, and declares an illegal act, prejudicial to the rights of others, a fraud upon such rights, although the party denies all intention of committing a fraud; citing *Kirby v. Ingersoll*, Har. Ch. 172; and an actual fraudulent design is not necessary to defeat a voluntary conveyance from husband to wife as against existing creditors; citing *Fellows v. Smith*, 40 Mich. 689.

*Henry C. Loveridge,* for defendant, contended:

1. The deed is *prima facie* evidence of title, and there is no preliminary presumption that it is fraudulent, or that it was not given for a valuable and honest consideration; on the contrary, it imputes honesty and legality, and leaves it to complainant to make out by evidence the fraud and dishonesty charged; citing *Darling v. Hurst*, 39 Mich. 769.
2. It has been held by this Court that the signing by the wife of a mortgage on the homestead is a good consideration; citing *Bissell v. Taylor*, 41 Mich. 702; *Peaslee v. Collier*, 83 Id. 549.
3. The fact that the conveyance was made from husband to wife raises no presumption of wrong-doing in cases of this kind, and even as between them fraud must be proved; citing *Jordan v. White*, 38 Mich. 253; *Fraser v. Passage*, 63 Id. 551; and a conveyance to a wife in payment of a debt owing to her by her husband is not a voluntary conveyance, and not fraudulent in respect to his other creditors; citing *Meigs v. Dibble*, 73 Mich. 110.

GRANT, J. The bill in this cause was filed under How. Stat. § 5884, to recover for the benefit of creditors certain real estate alleged to have been fraudulently conveyed by one Archibald L. Chubb to the defendant.

Shortly before Mr. Chubb's death he made three conveyances to his wife, the defendant. One was a deed conveying the land in question, in which the consideration was stated at $4,000; another was a deed conveying 320 acres of land in Dakota, the consideration expressed being $2,000; the third was a bill of sale of personal property, the consideration being, as expressed in the conveyance,

a promise by her to pay the debts of Mr. Chubb, naming
them. No consideration was paid by the defendant at
the time the deeds were executed. Her own testimony is:

"I asked Mr. Chubb why he did just as he did, and
he said I was going out to Dakota, and he thought it
would be better and easier for me to manage it if I
had it in my own name."

It is urged by her counsel that the deeds should be
sustained, because her husband had received some money
from her when they were married, in 1874, about 13
years previous to his death; and because she had at one
time joined him in executing a mortgage upon their
homestead, when it is alleged he turned over to her
some securities as a consideration for her executing the
mortgage. It is evident from this record that these
transactions, whatever they were, were not considered in
the execution of these conveyances. Her testimony as to
the amount given her husband is too indefinite to form
the basis of a legal or equitable right. She fixes the
amount no nearer than "two or three hundred dollars."
She is unable to describe the securities that she claims
were turned over to her upon the execution of the mort-
gage. According to her own version, she kept them but
a short time, and then gave them back to her hus-
band. The court below correctly found that—

"She held them as security merely, and voluntarily
surrendered them, and voluntarily released the right they
were given to secure."

It is clear that these conveyances were made without
any adequate consideration. The court below found no
actual intent to defraud the creditors. In this we con-
cur, but the effect was nevertheless to defraud the credit-
ors. In such cases no actual intent to defraud need be
proven. The complainant is entitled to the relief prayed
for.

The decree of the court below is reversed, with the costs of both courts. The amount due creditors is $556.68. Defendant will be allowed 90 days within which to pay this amount, with interest, and taxed costs. In default of such payment, the deed will be set aside as to complainant, and he directed to proceed to a sale of the property under the provisions of the statute.

Morse, C. J., Long and Montgomery, JJ., concurred. McGrath, J., did not sit.