WALKER *v.* CADY.

1. FRAUDULENT CONVEYANCES—BILL BY ADMINISTRATOR OF GRANTOR
   — SUFFICIENCY.
   Where a bill to set aside a conveyance as in fraud of the creditors of a deceased person sets forth the probate proceedings, the appointment of complainant as administrator,

the allowance of claims against the estate, and a deficiency of assets, it sufficiently appears that the bill is filed by the complainant in his capacity of administrator, under 2 How. Stat. § 5884, although there is no specific allegation to that effect.

2. FRAUDULENT CONVEYANCES—ESTATES OF DECEDENTS—DEFICIENCY OF ASSETS—EVIDENCE.

In a suit by an administrator to set aside a conveyance alleged to have been made by his decedent in fraud of creditors, testimony of the administrator and a son of the deceased that they know of no property belonging to the estate except the land in controversy, and another parcel claimed to have been conveyed under like circumstances, establishes a *prima facie* case of deficiency of assets.

3. SAME—PERSON DYING OUTSIDE OF STATE—PRESUMPTION AS TO ASSETS.

The fact that a person died in another State, where he had lived for about two years previous to his death, creates no presumption that he left property there, so as to rebut an otherwise sufficient showing of a deficiency of assets in a suit by his administrator to set aside a conveyance by the decedent as in fraud of creditors.

4. FRAUDULENT CONVEYANCES—SUIT BY ADMINISTRATOR—EXISTENCE OF ADJUDICATED CLAIM.

The granting of an order extending the time within which to move for a new trial in a case wherein judgment has been rendered against the estate of a deceased person does not suspend the right of the administrator to file a bill under 2 How. Stat. § 5884, to set aside a conveyance made by the decedent on the ground that it was void as to the claim of the judgment creditor.

5. FRAUDULENT CONVEYANCES—CONSIDERATION—PAYMENT OF ANNUITY—RIGHTS OF GRANTEE.

A conveyance by a debtor upon consideration of an agreement to pay him an annuity is void as to creditors who are thereby deprived of the means of enforcing their claims, though no actual fraud was intended; but the grantee will be protected to the extent of the payments made in good faith.

6. FRAUDULENT CONVEYANCES—BONA FIDE PURCHASER—NOTICE.

One who buys land after having been notified by an administrator that he claims the right to recover the property on the ground that it was conveyed by his decedent in fraud of creditors is not a *bona fide* purchaser.

Appeal from VanBuren; Buck, J. Submitted May 1, 1895. Decided July 2, 1895.

Bill by Oscar Walker, as administrator of the estate of Alvah Cady, deceased, against Francis R. Cady, F. Allen Cady, Thomas W. Brainard, and others, to set aside a conveyance. From a decree for complainant, defendants appeal. Decree modified and affirmed.

The bill in this case was filed under 2 How. Stat. § 5884, to set aside a deed made by Alvah Cady to F. Allen Cady, March 5, 1890. The court below held that the conveyance was voluntary, and was therefore in fraud of creditors. The defenses are:

(1) That the bill is not filed by complainant as administrator.

(2) That there is no proof that the claim of Jay Cady, the only one against the estate, existed at the time of the conveyance, and therefore it is not open to attack.

(3) That there is no proof that Alvah did not retain ample means to pay his debts, and therefore the conveyance, though voluntary, was not void as to creditors.

(4) That the claim was not adjudicated and allowed at the time the bill was filed.

(5) That there is no proof that there was not other property belonging to the estate.

(6) That F. Allen Cady was a *bona fide* purchaser for a valuable consideration.

(7) That defendant Brainard was a *bona fide* purchaser for a valuable consideration.

Alvah was the owner in fee of the land. It was worth $1,000. He died October 23, 1890, in Illinois. He and his wife parted about two years before, and he then left Michigan. The consideration expressed in the deed was $500. The actual consideration was an agreement, executed by F. Allen Cady and his father, Francis R. Cady, to pay to Alvah Cady $50 annually, payable semi-annually, as long as he should live. Upon this contract $50 had been paid. There was some evidence tending to show that the conveyance was in the nature of a gift,

made in consequence of the kindness which the grandson, Allen, had shown to his grandmother, Alvah's first wife.

*Heckert & Chandler,* for complainant.

*Osborn, Mills & Master,* for defendants.

GRANT, J. *(after stating the facts).* 1. The bill of complaint sets forth very fully all the proceedings in the probate court, the appointment of complainant as administrator, the allowance of the claim of Jay Cady, the appeal to the circuit court, the recovery of verdict and judgment there, and the deficiency of assets. While there is no specific allegation that the bill is filed in his capacity of administrator, there exists no room for doubt that it is so filed, and that the defendants so understood. The point is too technical to require further comment.

2. There was competent evidence that the claim of Jay Cady existed at the time of the conveyance; that Alvah was not possessed of other property sufficient to pay it; and that the estate was not possessed of other assets. No other conclusion is possible from the record than that the dealings which formed the basis of the claim extended over several years prior to the conveyance. Mr. Walker and Jay Cady, Alvah's son, testified that they knew of no property belonging to the estate except the land in controversy, and another piece of land, worth about $300, which, it is claimed, had also been conveyed by Alvah in fraud of creditors. This made a *prima facie* case of deficiency of assets, and there was no evidence to contradict it. The fact that he died in another State, and had lived there a short time previous to his death, creates no presumption that he left property there. This disposes of defenses Nos. 2, 3, and 5.

3. Jay Cady's claim was allowed by the commissioners. An appeal was taken to the circuit court, wherein a verdict was rendered in his favor for $1,504.18, April 28th. Judgment was rendered upon the verdict May 2d.

On the same day, an order was entered granting 10 days in which to move for a new trial. The motion was made within the 10 days, and subsequently denied. The bill of complaint was filed May 2d. While the extension of time within which to move for a new trial may have operated to stay the issuance of an execution, it did not suspend the right to file this bill. The claim had been adjudicated and allowed, and presumptively the judgment was valid, and would remain in force. A deficiency of assets existed. These two facts are the sole essentials to the institution of a suit by the administrator to set aside conveyances which are void as to creditors.

4. We find nothing in the evidence to show that this conveyance was made with the actual intent on the part of either Alvah or Allen to defraud Jay, or to place the land beyond the reach of creditors. No intent is necessary. The law regards the transaction as a fraud. *Fellows* v. *Smith*, 40 Mich. 689; *Felker* v. *Chubb*, 90 Mich. 24; *Sweet* v. *Converse*, 88 Mich. 8; *Cutcheon* v. *Buchanan*, Id. 594. The nature of Jay's claim is not disclosed by the record, and is immaterial. It has been established by the proper judicial tribunal that Jay was in fact a creditor of Alvah at the time. The effect of the conveyance, if valid as against Jay, was to deprive him of the debt, and to convey to Allen property worth several times the actual consideration paid. The result of such a ruling would be that a debtor may convey all his property to another upon an agreement to support him during his life, or to pay him an annuity, and thus deprive creditors of any means to enforce their claims. May a man having land worth $10,000, possessed of no other property, and owing debts to the amount of $1,000, convey it to his son, to the exclusion of his creditors, upon the agreement that he will take care of him during his life or pay him an annuity for that purpose? I find no authority to support such a proposition, nor do I think there is any reason in it. This point is, in my judgment, ruled by *Pursel* v. *Armstrong*, 37 Mich. 326.

In that case an old man conveyed a farm of 240 acres to his son. The farm was worth $14,000. Five thousand dollars of the consideration was a promise on the part of the son to support his father and mother during their lives. After stating the facts, the court said:

"Whatever gentlemen may suppose ought to be the rule, it is certain the law cannot be reconciled with such dealing. Indeed, nothing can be clearer than complainant's right to claim an avoidance on account of the withdrawal of the property to make voluntary provision for the debtor and his family. The case is too clear to excuse particular discussion. It is sufficient to refer to a few cases."

Several authorities are then cited. The farm in that case was subject to a mortgage of $3,000. See, also, *Stone* v. *Welling*, 14 Mich. 514; *Dixon* v. *Hill*, 5 Mich. 404; *Ryncarson* v. *Turner*, 52 Mich. 7; *Blanchard* v. *Tyler*, 12 Mich. 339; *Herschfeldt* v. *George*, 6 Mich. 456; *Warner* v. *Whittaker*, Id. 133.

The law does not permit a debtor to put his property beyond the reach of his creditors. It gives him certain exemptions, but, beyond these, requires him to keep his property subject to the claim of existing creditors. *Ionia County Savings Bank* v. *McLean*, 84 Mich. 629. The law will protect the purchaser to the extent of the payments made in good faith, but will compel him to give up the remainder to answer the just claims against the vendor. In this way exact justice and equity can be done. *Stalker* v. *McDonald*, 6 Hill, 96; *Pickett* v. *Barron*, 29 Barb. 508. It is no defense on the part of the vendee to say that he was ignorant that his vendor was in debt, and thus he be permitted to take property worth $1,000 on the actual payment of only $50. Such a result would be a reproach to the law, and serve as a convenient cover for insolvent debtors to convey away their property, and secure for themselves a competency

5. Allen conveyed the land to his father, Francis, and the latter conveyed a portion of the land to defendant

Thomas W. Brainard. The deed to Brainard expressed a consideration of $250. The bill alleges and the proofs show that complainant, as administrator, notified Mr. Brainard, before his deed was executed, that he claimed the right to recover the property, explained to him the situation, and forbade his trespassing upon the land. Mr. Brainard then claimed that he had rented it. This notice was sufficient to warn Mr. Brainard, and to protect the rights of creditors.⁻ He was not a *bona fide purchaser*. It is significant that it is not alleged in the answer, which is signed by all the defendants except Rebecca and Jay, that the $250 or any other amount was paid. None of the defendants were sworn, nor was any evidence introduced by them touching the real merits of the controversy.

Except as above modified, the decree will be affirmed, and the case remanded to the court below, with direction to take such further proofs as may be necessary touching payments, taxes, etc. The costs will be paid out of the estate.

McGRATH, C. J., and LONG, J., concurred with GRANT, J. MONTGOMERY, J., concurred in the result. HOOKER, J., did not sit.