R. P. GUSTIN CO. v. ARN.

FRAUDULENT CONVEYANCES—CONSIDERATION—RELEASE OF RIGHT
TO LIFE SUPPORT.

Where land is conveyed in consideration of an agreement by
the grantee to support the grantor for life, a reconveyance to
the grantor, reserving a portion of the premises as compensa-
tion for the support already furnished, is not void as to the
creditors of the grantee, in the absence of an actual intent to
defraud, although the land is thereupon conveyed to the wife
of the grantee under a similar agreement.

Appeal from Iosco; Simpson, J. Submitted November
19, 1895. Decided December 3, 1895.

Bill by the R. P. Gustin Company against John Arn
and Ann Arn in aid of execution. Complainant appeals
from a decree dismissing the bill. Affirmed.

In 1888, an old man, named Shepard, deeded to the
defendant John Arn a quarter section of land. The con-
sideration expressed in the deed was $2,500. The real
consideration was a written contract, executed by Arn
to Shepard, by which he agreed to furnish Shepard a due,
suitable, and comfortable maintenance during the re-
mainder of his life; to furnish him a suitable and com-
fortable room in the dwelling house then upon the land,
and a garden; to pay him $200 upon his personal demand;
and to give him a decent and respectable burial when he
died. This land was at the time mainly wild and unculti-
vated. Mr. Arn cleared considerable of it, built a house
and barn upon it, and performed his contract to the sat-
isfaction of Mr. Shepard. Meanwhile Mr. Arn had en-
gaged in running a shingle mill and store, and among his
creditors was the complainant, from whom he had pur-
chased goods to the amount of $2,500, upon which he had
paid $1,800 at the time of the transaction hereinafter

referred to. Mr. Shepard ascertained that Mr. Arn was in financial trouble, and feared that he might lose his place and support. He therefore desired to get it back, and so told Mr. Arn. It was thereupon agreed that Mr. Arn should keep the 40 acres upon which he had erected the buildings, in consideration of what he had done, and that Mr. Arn should redeed to him the other 120 acres. This was done December 8, 1890. About the same time Shepard deeded the land—the deed being dated December 10, 1890—to Mrs. Arn, who at the same time executed to him an agreement similar to that of her husband, which was carried out until Mr. Shepard's death, in 1892.

On July 28, 1891, complainant brought suit against Mr. Arn, and on December 17, 1891, recovered a judgment for $740.63. Execution was duly issued, and returned *nulla bona*, whereupon the complainant filed this bill, claiming that the transfers of the property from Arn to Shepard and from Shepard to Mrs. Arn were made with the intent to defraud Mr. Arn's creditors, and were therefore void. The court below held that no fraud was shown, and dismissed the bill.

*J. L. Stoddard*, for complainant.

*M. J. Connine*, for defendants.

GRANT, J. (*after stating the facts*). We must agree with the conclusion of the court below that there was no evidence of an actual intent to defraud. There is no proof that Mr. Arn ever suggested or requested Mr. Shepard to enter into the arrangement. The testimony of Mr. Zeiter, the register of deeds, who drew the papers, was that—

"Mr. Shepard said that he was afraid he would not have a home if he left the property in the position it was in; and that he wished to have it back again, so that he could make a different deed and a different agreement from that he had previously done. 'I am afraid I will be

turned out of house and home. Mr. Arn is getting himself into trouble.' "

No one was present at this conversation except Mr. Shepard and Mr. Zeiter. It was very natural that Mr. Shepard should feel uneasy over the situation. Mr. Arn's debts exceeded in amount the value of this land over and above the homestead exemption. If the land was levied upon under an execution against Arn, Arn might refuse further support. No execution creditor would have the right to take Mr. Arn's place under the contract for his support. It was therefore entirely proper that he should seek to avoid litigation with other parties, and secure the full benefit of this arrangement in his declining years. The settlement with Mr. Arn was entirely fair and valid as to Mr. Shepard, although he knew that the result would be to place the land beyond the reach of creditors. The transaction being valid as to them, it restored the entire title to Mr. Shepard, and left him free to make any other arrangements for his support by conveying the land to another person. This is not one of those transactions which is a legal fraud, though no real intent to defraud exists, under the rule laid down in *Walker* v. *Cady*, 106 Mich. 21.

The decree is affirmed, with costs.

The other Justices concurred.