SMITH v. MUTUAL LIFE INS. CO. OF NEW YORK et al.

(Circuit Court, D. Massachusetts. December 31, 1907.)

No. 396.

BANKRUPTCY—ASSETS—RECOVERY—CONSIDERATION FOR ANNUITY.

A bankrupt, while insolvent, on January 2, 1901, purchased for $2,830 a deferred annuity from defendant, a mutual life insurance company, defendant agreeing to pay the bankrupt $1,000 a year for the rest of his life, beginning July 1, 1916. Held, that as the defendant's contract was wholly executory, so far as it was concerned, and as the defendant was benefited and not harmed by a termination thereof in 1907, the bankrupt's trustee was entitled to elect to cancel the contract and recover the consideration paid by the bankrupt therefor, for the benefit of creditors.

In Equity.

Jeremiah Smith, Jr., and Fish, Richardson, Herrick & Neave, for complainant.

Reginald Foster and William D. Turner, for defendants.

LOWELL, Circuit Judge. Dunning paid to the defendant $2,830 on January 2, 1901. In consideration thereof the defendant agreed to pay him $1,000 a year for the rest of his life, beginning July 1, 1916. Dunning was adjudged a bankrupt January 12, 1903. On February 4, 1907, Smith, his trustee in bankruptcy, filed in the Supreme Court of Massachusetts a bill in equity against the respondent, which was duly removed to this court. The bill sets out the facts above stated, and that Dunning was insolvent at the time of the payment to the defendant. The bill offers to return to the defendant the agreement above mentioned, and prays that the defendant be decreed to return to the trustee the sum of $2,830 originally paid by the bankrupt. To this bill the defendant has demurred.

It is admitted on both sides (1) that the bill sufficiently alleges Dunning's insolvency; (2) that the court may assume that the defendant

was ignorant of this fact, and that it received payment from Dunning in good faith; (3) that the contract made between Dunning and the defendant was upon an adequate consideration, and might have been enforced by Dunning. By virtue of the Statute of Elizabeth, a trustee in bankruptcy can recover from the holder property transferred by the bankrupt in fraud of his creditors, unless the holder is a bona fide purchaser for value. This right of the trustee may come into controversy in many ways. Thus the trustee may recover goods from one who bought them, unless value was paid by the purchaser to the bankrupt before notice of the latter's fraud. In the case at bar the money was paid, not by an alleged purchaser for value, but by the bankrupt himself, and it is the very price paid, and not the object bought with it, which the trustee here seeks to recover. Nearly every transfer for a consideration, however, can be treated as an exchange, in which something is given by each party to the other. A fraudulent transfer of money is within the terms of the Statute of Elizabeth as well as a fraudulent transfer of land or of goods. Where the bankrupt has paid money to an honest vendor in the purchase of goods, such as a horse or a coat, the bargain cannot be canceled, although the goods be offered for return. Value has been given by the vendor for the bankrupt's money. The sale is complete and cannot be rescinded. The court has here to decide a case in which the value given for the bankrupt's money was not land or goods, but a valid executory agreement. Does that agreement, binding upon the defendant, constitute value paid by him for the money he has received? Is the agreement the equivalent of a chattel? The law is settled otherwise, if the defendant's part of the contract is wholly executory at the time the action is commenced. This has been held in cases where a note, a mortgage, or other agreement to pay money was given by the purchaser to the insolvent. Hardingham v. Nichols, 3 Atk. 304; Baldwin v. Sagar, 70 Ill. 503, 507; Kitteridge v. Chapman, 36 Iowa, 348, 351; Dixon v. Hill, 5 Mich. 404, 409; Blanchard v. Tyler, 12 Mich. 339, 86 Am. Dec. 57; Arnholt v. Hartwig, 73 Mo. 745; Young v. Kellar, 94 Mo. 581, 7 S. W. 293, 4 Am. St. Rep. 405; Haughwort v. Murphy, 21 N. J. Eq. 118; Freeman v. Deming, 3 Sandf. Ch. (N. Y.) 327. If, therefore, the defendant's contract in the case at bar was wholly executory at the time this bill was filed, the complainant must prevail. The defendant contends that its agreement is no longer completely executory on its part, but that it will incur loss beyond the loss of its bargain, and that, by the rescission proposed, it will be left in a position worse than that which it occupied before the contract was made. It seeks to liken the agreement in question to a policy of insurance. Although no loss has happened, yet the premium on an insurance policy paid in fraud of creditors cannot be recovered from a bona fide insurer after the expiration of part of the term of the policy. The contract does not remain wholly executory on the part of the insurer; the insured has been protected during the time which has elapsed.

But the agreement in the case at bar is, in many respects, the converse of a policy of life insurance. The defendant's liability to pay the annuity is conditioned upon Dunning's remaining alive beyond July 1, 1916. The price of the conditional annuity promised by the defend-

ant in 1901 was fixed in view of this contingency. In 1907, when the bill was brought, Dunning's chance of living beyond July 1, 1916, had appreciably increased. During the six years he had received nothing, either in money or in protection. On the contrary, if the contract is now rescinded, the defendant will have profited materially from the lapse of time. It has received interest and has given nothing. In order to obtain in 1907 an annuity like that here in question Dunning must have paid a considerably larger premium than that charged him in 1901. This larger premium may be taken to be the present value of the agreement here in controversy. Hence the cancellation proposed by the trustee's bill relieves the defendant from a contract having a greater value than the amount which the defendant is required to refund. The defendant is therefore placed, not in a worse, but in a better position than it occupied before the contract was made. This may be stated in another manner. The defendant's promise to pay money is conditioned upon two things, payment of the premium by the bankrupt, and the bankrupt's survival. Survival is not value, indeed, but it is a condition in the defendant's favor, the existence of which materially diminished the money payment required. Since the payment by the bankrupt, nothing has been done to carry out the contract, except that the survival has been partly accomplished. This is no part of the defendant's execution of the contract; it furnishes the defendant no basis for resistance to the trustee's demand for repayment; it rather supplies an additional reason why the demand should be granted.

The fact, if it be inferable from the face of the record, that the defendant is a mutual company, whose assets belong to its annuitants and policy holders, in no way alters the case. By the cancellation of the Dunning contract, the financial condition of the other annuitants and policy holders will be demonstrably improved.

It follows that the demurrer must be overruled.